GERMAN INSURANCE CO. v. JOHN NORRIS.

No. 1957.

1.  **Pleading—Exception to Amendment—Rules of Court.**

It is not reversible error in the court to refuse to sustain exceptions to a trial amendment on the ground that it does not, as required by the rules of court, point out the pleading sought to be amended, by name and number, where it is manifest to what pleading the amendment is directed, and no injury results from the ruling.

2.  **Fire Insurance—Proof of Value of Articles Destroyed.**

Where the plaintiff testified without objection that the articles destroyed by fire were worth at the time the prices set out in the exhibit attached to his petition,

and amounted in value to more than the sum insured, this was sufficient to sustain a finding that the value of the articles was proved, and aggregated more than the amount of the policy. If defendant conceived that such evidence was not in accordance with the proper measure of value, he should have urged an objection to its introduction.

### 3. Same—Waiver of Proofs of Loss.

Incompleteness in the proofs of loss may be waived by the insurance company, acting through its adjuster or general agent, and a statement to the insured by the adjuster that nothing further would be required, constitutes such a waiver.

### 4. Same—Proof of Value—Finding—"Cash Value."

A finding by the court that the goods destroyed were worth at the time a certain amount is equivalent to a finding that such amount was their actual cash value.

APPEAL from Erath. Tried below before Hon. J. S. STRAUGHAN.

*Oeland & Smith,* for appellant.—1. The measure of damages in a suit for damage or destruction to personal property is the market value of the goods at the time and place of their damage or destruction. Queen Ins. Co. v. Jefferson Ice Co., 64 Texas, 578; East Texas Fire Ins. Co. v Coffee, 61 Texas, 287; Equitable Fire Ins. Co. v. Quinn, 11 Low. Can., 170; Standard Fire Ins. Co. v. Wren, 11 Ill. App., 242; Schrader v. Trade Ins. Co., 12 Ill. App., 651; Fowler v. Old North State Ins. Co., 74 N. C., 89; Fisher v. Crescent Ins. Co., 33 Fed. Rep., 544; Grubbs v. North Carolina Home Ins. Co., 18 N. C., 472; 20 Insurance L. J., 784; 13 S. E. Rep., 236.

2. To constitute a waiver of proofs of loss there must be a distinct denial of liability under the contract, and an unqualified refusal to pay the loss. East Texas Fire Ins. Co. v. Coffee, 61 Texas, 293; May on Insurance, sec. 469; Insurance Co. v. Clancey, 71 Texas, 5.

3. Before plaintiff can recover he must introduce proof of the actual cash value of the goods at the time and place of their destruction. Hanover Fire Ins. Co. v. Lewis, 16 Ins. L. J., 627.

*M. F. Martin, Lee Young, A. P. Young,* for appellee.—1. If the court erred in failing to sustain the exception to the trial amendment, the error was harmless and could not possibly have caused injury to appellant, as there was only one other pleading of appellee then in the record, and that this was amended was obvious.

2. The court correctly found that plaintiff had furnished to defendant proofs of loss in accordance with the requirements of defendant's agents, and that defendant waived any other proofs of loss than those furnished.

STEPHENS, ASSOCIATE JUSTICE.—Suit by appellee against appellant on a policy of insurance in the sum of $1000, $350 on household furniture and $650 on dental furniture. Judgment in favor of appellee against appellant, on November 24, 1893, for the amount of the policy, with consequent appeal.

The conclusions of fact found by his honor are adopted by us, as follows:

1.   On April 21, 1892, the defendant executed to plaintiff its policy of insurance as described in plaintiff's petition, whereby it assured him against loss by fire in the sum of $350 on his household and kitchen goods, and the sum of $650 upon dental tools, fixtures, supplies, etc. Plaintiff paid for the policy the premium of $10.

2.   On May 23, 1892, plaintiff was the owner of the goods and property described in the policy, and he was the owner thereof at the time the policy was issued.

3.   On May 23, 1892, while the policy was still in force, and while the plaintiff was still the owner of the property, the latter was destroyed by fire.

4.   The fire was of accidental origin.

5.   The property was worth the several prices stated in the exhibit attached to the plaintiff's petition, and in the aggregate it was of value exceeding the sum of $1000.

6.   Defendant was notified of the fire, and of the origin thereof.

7.   The plaintiff furnished to defendant proofs of loss in accordance with the requirements of defendant's agent, and defendant waived any other proofs of loss. Defendant ratified the act of its agent in requiring proofs of loss in the forms submitted by the plaintiff.

*Opinion.*— We overrule the appellant's assignment of error first urged, complaining of the action of the court in not sustaining the general and special exceptions in defendant's third supplemental answer, directed to plaintiff's trial amendment filed November 23, 1893.

While it is true that the trial amendment did not refer by name or number to the pleadings sought to be amended, and was thus violative of rule 27 governing the proceedings in the District and County Courts, it is as manifest that the pleading sought to be amended was the plaintiff's amended original petition, as if the latter pleading had been mentioned by name or number. It is apparent that the ruling in no way prejudiced appellant, and that a reversal on account of it would be idle. The trial amendment covered the defects adjudged on exception by defendant to exist in plaintiff's amended original petition, and supplied with succinctness the averment of facts omitted in that pleading, and which we find it unnecessary to enumerate.

It is contended that there is no evidence to support the finding of the court that the goods destroyed were worth the several prices stated in the exhibits attached to plaintiff's petition, and in the aggregate that the property was of value exceeding the sum of $1000. We do not concur in this proposition. The policy provides that the amount of loss or damage is to be estimated "according to the cash value of the property at the time of the fire."

The plaintiff was permitted to testify, *without objection,* "that the property set out in exhibits A and B (attached to plaintiff's petition)

were worth at the time they were destroyed by fire the sums set opposite each article, and that all the property described in the exhibits was worth in value at the time they were destroyed by fire, in May, 1892, the sum of $1589.15."

Again, B. M. Phillips, for the plaintiff, stated that a few days after the fire Mr. Shumard, defendant's adjuster, being at the town of Stephenville, where the fire occurred, told the witness that Norris had furnished Shumard a list of his goods, and that the latter thought they would have no trouble in adjusting the loss; that everything was all right, except one or two articles, which he thought had been valued too high. These articles were shown elsewhere to be a baby buggy and a shotgun.

If the testimony of the plaintiff with reference to value was not, in the opinion of defendant's counsel, in accordance with the proper measure of value, he should have urged an objection to its introduction. We are unable to say that the court should have ignored it, or that his finding upon it is without support.

The policy sued on provides that, "The insured sustaining loss or damage by fire under this policy, within sixty days from the date of the fire, shall deliver as particular an account of his loss and damage as the nature of the case will admit, signed with his own hand, and shall accompany the same with his oath or affirmation declaring the said account to be true and just, showing what other insurance he had on the property, giving a copy of the written portions of the policy of each company and endorsements on the same, showing the whole cash value of the subject insured, in what general manner as to trade, etc., the building insured or containing the subject insured was occupied at the time of the loss; when and how the fire originated, with all the details thereof so far as the assured is informed or believes; that all the personal property for which claim is made was at the time of the fire contained in the building described in the policy, and who was the owner thereof, the interest of the insured therein, and the nature of such interest, and that the same was destroyed and damaged as stated. When merchandise or other personal property hereby insured has been destroyed, the insured shall also produce vouchers and certified copies of all bills, invoices, and exhibit the same to the agent for examination, and until such proofs are produced the proofs shall not be considered as sufficient, nor the loss due and payable. Proofs of loss must be completed and forwarded to the company within sixty days after the date of the fire, and must bear the certificate of the magistrate, notary public or clerk of a court of record nearest the place of loss, not concerned in the loss nor related to the assured, stating that he has examined into the circumstances attending the loss, etc., and verily believes that the assured has without fraud or evil practice sustained loss on the property insured, to the amount of which such magistrate, notary public or clerk shall certify. Failure to comply with these terms and conditions within the time prescribed shall cause forfeiture of all claims under this policy."

Proofs of loss as here stipulated were not furnished by the plaintiff

in this case. He pleaded, however, that a strict compliance with this condition was waived by the general agent and adjuster of the defendant; that for the proofs of loss provided for in the policy the adjuster had by agreement, immediately after the fire, substituted milder requirements, consisting in the production of a list of the goods destroyed, with a statement of their value, and that these requirements had been complied with by the plaintiff. The court found in accordance with this contention of the appellee.

This conclusion is supported by the testimony of the plaintiff, who states: "About eight or ten days after the fire in which my household and dental goods were destroyed, Mr. M. A. Shumard (the general agent and adjuster of the company) came to Stephenville. I saw Mr. Shumard the day he came, and I had a talk with him. He said that he had come over to settle a loss for Mr. McNiel, and while here had learned of my loss and wanted to settle with me. * * * Mr. Shumard told me that if I would furnish him a list of my goods destroyed by fire, that would be all that I would be required to do. He said that I could furnish him a list of the goods while he was in town; or if I did not, I could send it to him at Dallas, Texas. * * * I relied upon what Mr. Shumard told me, and believed that it was the right course to pursue in order to get my money. * * * After Mr. Shumard returned to Dallas, in a few days I made out a list of my household and dental goods, with the values set opposite each article, and sent it to him."

Incompleteness in proofs of loss may be waived by the company, acting through its adjuster or general agent. A statement that nothing further will be required, will constitute such a waiver. May on Insurance, sec. 468; Insurance Co. v. Brown, 82 Texas, 637; May on Insurance, sec. 469d; Insurance Co. v. Capehart, 108 Ind., 270.

We therefore overrule the fourth assignment of error, complaining of the court's seventh conclusion of fact, that plaintiff furnished to defendant proofs of loss in accordance with the requirement of its agent, and that it waived any other proofs of loss.

The final assignment is to the effect that the court's conclusion fixing liability upon the defendant is unsupported by any finding of fact, in that the court fails to find what was the actual cash value of the goods. We interpret the finding that the goods were worth $1,000 as meaning that such was their actual cash value. Had a more specific conclusion been desired, it should have been requested.

The judgment is affirmed.

*Affirmed.*

Delivered October 12, 1895.