### PRUSSIAN NAT. INS. CO. v. LAWRENCE.

(Circuit Court of Appeals, Fourth Circuit. February 2, 1915.)

#### No. 1314.

INSURANCE ☞499—VALUATION OF PROPERTY DESTROYED—DEPRECIATION DUE TO LOCAL CONDITIONS.

> Under a clause of a fire insurance policy that "the company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, * * * with proper deduction for depreciation, however caused," the value of the property is the price it would bring at a fair market, and as applied to personal property the fact that, owing to local conditions, its value has greatly depreciated at the place where it is located, as where the property consisted of saloon fixtures and by local action saloons had been prohibited, does not entitle the insurer to have it valued at that place, but its actual value is the price it would bring at the nearest fair market where such property is in demand, less the cost of transportation.

> [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1274; Dec. Dig. ☞499.]

Cross-Appeals from the District Court of the United States for the Southern District of West Virginia, at Charleston; Benjamin F. Keller, Judge.

Suit in equity by A. C. Lawrence, doing business as Samuel Cooper & Co., a corporation, against the Prussian National Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

E. S. Bock, of Charleston, W. Va. (T. C. Townsend, of Charleston, W. Va., on the brief), for appellant and cross-appellee.

Henry S. Cato, of Charleston, W. Va. (Cato & Bledsoe, of Charleston, W. Va., on the brief), for appellee and cross-appellant.

Before KNAPP and WOODS, Circuit Judges, and WADDILL, District Judge.

WADDILL, District Judge. This is an appeal from a decree of the United States District Court for the Southern District of West Virginia, entered on the 17th day of June, 1914, in a cause in equity

wherein the appellee was plaintiff, and the appellant defendant, from which appellant appealed, and the appellee assigned cross-error. The following are the material facts in the case:

The appellee on the 28th of May, 1909, was engaged in the saloon business in the city of Charleston, at No. 812 Kanawha street, and on that day entered into a contract of insurance with the appellant, the Prussian National Insurance Company, whereby said company insured appellee against all direct loss or damage by fire to the saloon fixtures, cigar stand, furniture, and fixtures of every description contained in said building, in the sum of not to exceed $2,500, for the term of one year; that on the 21st of April, 1910, the building was totally destroyed by fire, and the property covered by the policy of insurance largely destroyed and damaged; that pursuant to the provisions of the policy the insurer and insured agreed on two arbitrators with a view of settling the loss occasioned by said fire, the insured naming W. A. Barron, and the insurer Frederick Storm, and, likewise pursuant to the provisions of said policy, the arbitrators selected one James H. Thompson to act as umpire respecting the matters about which they might differ; that the arbitrators ascertained the sound value of the property destroyed and damaged to have been $3,211.88, and the salvage $205, leaving the net sound value of the property insured, destroyed by fire, $3,006.88. After the sound value of the property had been agreed on, the question arose as to the amount of depreciation in the property; the said Storm insisting that because, between the date of the insurance and the time of the fire, the sale of liquor had been prohibited in the state of West Virginia, and that on the last-named date only so-called soft drinks could be sold in said bar, that said bar and saloon fixtures and furniture, taking into account the wear and tear during the time the same had been used, had depreciated in value over two-thirds, and the property under such circumstances was only worth $1,000; that the arbitrator named by the appellee refused to assent to this reduction, and thereupon appellant's arbitrator, Storm, succeeded in securing the umpire Thompson to act with him, and the two made an award of $1,000 as covering the loss under said policy.

Appellee insists that both Storm and Thompson were improper persons to have been appointed, and that they acted in bad faith in what they did, and on that account, as well as because of the improper method of arriving at the basis of the appellee's loss, their award should be vacated, set aside, and annulled. The appellant insisted that the arbitrators were proper persons, that the award was arrived at in a correct and just method, and asked that the same be enforced, and with its answer tendered $1,000, the amount of the award.

The court below by its decree of the 17th of June, 1914, from which this appeal is taken, waiving the question of the incompetency and unfitness of the arbitrator and umpire, set aside the award because of the erroneous principle upon which the value of the property was determined, that is, by ascertaining the loss at only what the property was claimed to be worth at Charleston, where from local causes its value had become at least temporarily greatly depreciated, from which action the insurance company appealed, because of the

setting aside of the award, and the insured assigned as cross-error the failure of the court to pass upon the disqualification of the arbitrator and umpire.

We do not, in our view of the case, find it necessary to review the action of the lower court in its failure to pass upon the qualifications of those who made the award, since the award itself was set aside, and we shall therefore consider alone its conclusions in the former respect, which present for our determination what is the correct criterion of damage for loss of the property under the insurance policy. The provision of the policy is as follows:

"The company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation, however caused, and shall in no event exceed what it would cost the insured to repair or replace the same with material of like kind and quality. Said ascertainment or estimate shall be made by the insured and this company, or, if they differ, then by appraisers, as hereinafter provided."

The value of the property at the time of loss or damage manifestly means the price which such property would bring at a fair market, after fair and reasonable efforts had been made to find a purchaser who would give the highest price; a sum, however, not to exceed the amount of the insurance. This is the consensus of opinion, as shown by quite an array of authorities cited by the learned judge of the court below, as follows: Birmingham Fire Ins. Co. v. Pulver, 126 Ill. 329, 18 N. E. 804, 9 Am. St. Rep. 598; Mack v. Lancashire Ins. Co. (C. C.) 4 Fed. 59; Nat. Bank of Commerce v. City of New Bedford, 175 Mass. 257, 56 N. E. 288; Read v. Rahm, 65 Cal. 343, 4 Pac. 111; State v. Central Pacific Ry. Co., 10 Nev. 47 (in which the court said that the cash value of an article is measured by the amount of cash into which it can be converted); Sanford v. Peck, 63 Conn. 486, 27 Atl. 1057; Manchester Fire Ins. Co. v. Simmons, 12 Tex. Civ. App. 607, 35 S. W. 722; Hughes v. Western Union Telegraph Co., 114 N. C. 70, 19 S. E. 100, 41 Am. St. Rep. 782; German Insurance Co. v. Norris, 11 Tex. Civ. App. 250, 32 S. W. 727; Com. v. Edgerton Coal Co., 164 Pa. 284, 30 Atl. 125, 129; 4 Cooley's Briefs on Insurance, 3099—to which, as well as to his opinion, we especially refer as sustaining our conclusion.

The District Court adopted the method stated for the assessment of the damage, and held that while, as to fixed property, the value would have to be arrived at at its place of location, that as to movable property it should be ascertained at the nearest fair market for the same, subject to a deduction for the cost of transporting the property, if found necessary and advisable to remove it. With this ruling of the lower court we are in entire accord. There would seem to be no just reason why the value of personal property insured should be ascertained at a place where from local causes, or peculiar conditions, it had become greatly depreciated, when by its removal, if of a kind safely removable, to a reasonably convenient market, its fair value could be procured. That this was what should have been done in this case is manifest from the fact that the portion of the

property saved was removed to Cincinnati, Ohio, because a good, market for property of the kind existed there, and its salved value properly ascertained. Moreover, we are by no means prepared to agree that the value placed upon this property by one arbitrator and the umpire was. its fair value, even at Charleston.

It follows, from what has been said, that the action of the lower court should be affirmed, at the cost of the appellant.

Affirmed.