**BRAZOS RIVER GAS CO. v. McGARR.**

No. 1737.

Court of Civil Appeals of Texas. Eastland.

Jan. 7, 1938.

W. H. Penix, of Mineral Wells, for appellant.

Scarborough & Ely, of Abilene, for appellee.

GRISSOM, Justice.

In December, 1934, W. H. McGarr and the Brazos River Gas Company entered into a written contract whereby the gas company agreed to pay to McGarr $5 per

day for the use of his (McGarr's) oil well drilling machine, known as a spudder, and tools used in connection therewith, in the drilling of an oil well by the gas company. McGarr was also employed as a driller. The contract contained the following provision: "The Brazos River Gas Company will keep up the repairs on your machine, tools and equipment as, if and when needed, so long as same are used by said company." In January, 1935, the spudder was damaged by fire. The gas company immediately proceeded to repair the spudder. After the repairs had been made, McGarr claimed that it was improperly and defectively repaired and sued the gas company for the alleged difference in the value of the machine prior to the fire and after the repairs had been made.

The cause was submitted to the jury upon special issues and in answer thereto the jury found, among other things, in substance, as follows: (1) That the spudder was of less value after it was repaired than just prior to the fire; (2) that the difference in the reasonable market value of the spudder just preceding the fire and after it had been repaired by the gas company was $200. Upon the verdict of the jury judgment was rendered for McGarr against the gas company for the sum of $200, from which judgment the gas company has appealed and presents numerous assignments of error.

The case was tried on October 12, 1936, and judgment entered the following day. Prior to the trial the commissioners court of Palo Pinto county, Tex., had entered its order purporting to fix the terms of the county court of Palo Pinto county, the pertinent portion of which is as follows:

"Therefore, it is the order of this court that the County Court of Palo Pinto County, Texas, shall hold six terms of court each year commencing on the first Monday in February, April, June, August, October and December, and each of said terms shall continue in session three weeks or until the business shall have been disposed of; provided that no term of said court shall continue beyond the date fixed for the commencement of its new term, except upon an order entered on its minutes during the term extending the term for any particular causes therein specified."

Appellant contends that the trial of this case was illegal and the judgment entered void because said order fixing the terms of said court fails to fix definitely the length of the terms thereof. If said order fixing the terms of said court is ineffective, then, under the next preceding order of the commissioners court fixing the terms of said county court, it would not have been in session at the time of the trial of this case. Appellant cites only article 1962, R.S.1925, in support of its contention. Said article is as follows:

"The commissioners court may, at a regular term thereof, by an order entered upon its records, provide for more terms of the county court for the transaction of civil, criminal and probate business, and fix the times at which each of the four terms required by the Constitution, and the terms exceeding four, if any, shall be held, not to exceed six annually, and may fix the length of each term. When the number of the terms of the county court has been fixed, the court shall not change the order before one year from the date of entry of the original order fixing such terms."

It will be noted that the only provision of said article pertinent to the present inquiry is that the commissioners court "may fix the length of each term." There is nothing in said article that prohibits the fixing of the length of a term at a certain period of time with a provision that under certain circumstances the term may be of a different length or period of time. We construe said order of the commissioners court to mean, as applied to the fact situation presented, that a term of court shall commence on the first Monday in October and continue for three weeks, but, if the business of said court has not then been disposed of, it may continue in session until its business is disposed of, provided that it shall terminate in all events by the time fixed for the commencement of its new term. As applied to the facts here presented, it provides that the October term, must end on or before the first Monday in December following. Should we be in error in said construction, we think, said order certainly provides for a term of court of at least three weeks commencing on the first Monday in October, 1936. This case was tried and judgment entered therein on October 12th and 13th, respectively, which would be the first two days of the second week of such three-week term. Therefore, said cause was tried and judgment entered during said definite three-week period. The facts of the instant case do not require a construction of the last portion of the quoted provision of said order, which apparently provides for the extension

of the term of said county court by an order entered on its minutes "for * * * particular causes therein specified" into the next succeeding term of said court. We find no authority for such extension of a term by a county court, but, in view of the fact that the judgment was not rendered at an extended term, we are not· called upon to pass upon such question.

We do not sustain the appellant's contention that the length of the terms of said court as fixed by the order of the commissioners court is so vague and indefinite as to cause the judgment herein rendered during the second week of said term to be void. The assignment is overruled. Alexander v. State, 84 Tex.Cr.R. 75, 204 S.W. 644.

■ Appellant assigns as error the action of the court in overruling its general demurrer to plaintiff's amended petition. Appellant asserts that the petition does not affirmatively allege that the spudder was ever delivered to it, and alleges, if at all, only inferentially that it was ever in the possession of the gas company. We think the pleadings of the parties sufficiently show the delivery to and possession by the gas company of the spudder in question. The gas company in its amended answer alleged that it "received said machine." Appellant states that the agreement alleged by the appellant made the gas company a bailee and McGarr a bailor for their mutual benefit; that the general demurrer should have been sustained for the reason that it was not alleged that the damage to the spudder was occasioned by the negligence of the appellant gas company. We think the authorities cited by appellant are not applicable to the present situation. The appellee's cause of action was a suit for damages for breach of the gas company's contract to properly repair the spudder. Under such contract we think it was unnecessary to allege that the damage to the spudder was occasioned by the negligence of the gas company. The gas company evidently construed its contract to be that if the spudder were· damaged while being used by it the gas company would repair the spudder irrespective of the question of whether its negligence made the repairs necessary. So construing its contract, it. did repair the spudder and, according to the allegations and testimony of appellee, improperly repaired it and thereby caused the damage asserted and recovered by the appellee.

■ The obligation of the gas company under its contract and its apparent interpretation thereof was not merely to return the spudder at the end of the bailment period, but also to keep McGarr's machinery, tools, and equipment repaired so long as same were used by said company. Luling Oil & Gas Co. v. Edwards, Tex.Civ.App., 32 S.W. 2d 921; 5 Tex.Jur. 1028, 1029; Young v. Leary, 135 N.Y. 569, 576, 32 N.E. 607; 6 Am.Jur. § 182, p. 277.

Appellant assigns as error the action of the court in overruling exceptions to appellee's pleading, such as the failure of appellee to allege the name of the pieces of equipment contained in the spudder and asserted to have been destroyed by fire, and the value of each specific article so damaged or destroyed, etc. Some of the exceptions were that the allegations of the petition were vague, uncertain, and the like.

■ The suit was for damages to the spudder or drilling rig as a unit, and was to recover the alleged difference in the value of the spudder before the fire and after it was repaired by the appellant, said difference being alleged to be $450. The case was so submitted to the jury. The overruling of such special exceptions, under such circumstances, do not, we think, constitute reversible error. It was so held in Luling Oil & Gas Co. v. Edwards, Tex.Civ. App., 32 S.W.2d 921. Also, see, Golden v. Odiorne, 112 Tex. 544, 249 S.W. 822; District & County Court Rule 18, 142 S.W. XVIII.

Appellant excepted to the petition because it did not allege whether the contract for the use of the spudder was written or oral. The exception was overruled. The contract was in writing. It was signed by the president of the gas company. It recited that the contract was executed in duplicate. There is no claim that appellant was surprised at the· production and introduction in evidence of the written contract, or that by virtue of appellee's failure to allege that the contract was in writing appellant was unprepared to meet the issue. It evidently knew that the only contract for the use and repair of the spudder was this written contract and that appellee must necessarily rely thereon.

■ This is not a suit upon a contract within the statutes of fraud. It was not subject to a plea of limitation under any statute of limitations. It was not a suit

upon a contract required to be in writing. We think reversible error is. not shown. Smith v. Patrick, Tex.Civ.App., 36 S.W. 762; Davis v. Stamford Mill & Elevator Co., Tex.Civ.App., 260 S.W. 1081, 1082; 10 Tex.Jur. 493.

■ Appellant's exception to appellee's amended petition for its failure to allege the date of the filing of appellee's original petition was overruled. District and County Court Rule 13 requires the omitted allegation. The purpose of the rule is stated in Texas & N. O. Ry. Co. v. Speights, 94 Tex. 350, 354, 60 S.W. 659. The overruling of the said special exception was error. Appellee's first amended original petition recites that it is "in lieu of his original petition heretofore filed." The fire that damaged the spudder was alleged and proved to have occurred January 11, 1935. The asserted cause of action could not have existed prior to that time. The first amended original petition upon which the case was tried was filed less than two years after the fire; that is, on October 12, 1936. No question of limitation is involved. Appellant strenuously urges the overruling of said special exception as reversible error. It does not cite, nor have we been able to find, any case that has ever been reversed for such error. In Wichita Falls Traction Co. v. McAbee, Tex.Civ.App., 21 S.W.2d 97, 101, writ dis., such action was held not to be reversible error. Under the circumstances here disclosed, it is inconceivable that the omission of the date of the filing of the original petition from the allegations of the first amended original petition could have prejudiced or harmed appellant. We hold the error harmless and overrule the assignment. Richie v. Levy, 69 Tex. 133, 6 S.W. 685; German Ins. Co. v. Norris, 11 Tex.Civ.App. 250, 32 S.W. 727, 728; Lewis v. Alexander, 51 Tex. 578, 583; Golden v. Odiorne, 112 Tex. 544, 548, 249 S.W. 822.

The appellee McGarr was asked:

"Q. What in your opinion was the market value of the machine just before the fire? A. $1,800.

"Q. What in your opinion was the market value of the machine when it was returned to you after it had been repaired? A. $1,300 to $1,400."

■ Complaint is made of the admission of such testimony in the absence of evidence that said witness knew the market value of said machine at the times in question. If it be conceded that the evidence is insufficient to show the witness' qualification to testify to the market value, the bill does not manifest error because the bill of exception was qualified by the trial judge to show that no such objection was made to the testimony. 3 Tex.Jur. 188.

The definition given by the trial court of the term "market value" was in effect approved by this court in Taylor County v. Olds, 67 S.W.2d 1102. Appellant says the jury was not called upon to find the market value of the spudder; that is true, but to answer the ultimate issue it was required to find the market value of the spudder before the fire and the market value after the repairs were made in order to answer said issue.

■ While there are some references in the case to the value of the spudder after the completion of the well and delivery of the rig to McGarr and to the materials that originally went into the rig, we think that there is sufficient evidence as to the value of the spudder immediately after it was repaired and that at least in some instances where witnesses spoke of the return and delivery of the spudder to McGarr, they had reference to the time immediately after it was repaired and not to the time when the rig was removed after the completion of the well. Likewise, though reference is made at times to the original construction of the rig, we think it evident that in, at least, some instances the witnesses meant to refer to the material in or the construction of the spudder as it existed immediately prior to the fire and not, at least necessarily, to the materials contained in the rig and its construction at the time of its manufacture.

In the main the case is one of fact, appellant contending the spudder was more valuable after it made the repairs than it was before the fire, and appellee contending and testifying to the contrary. The jury found the facts to be as contended by appellee.

We have carefully considered all of appellant's assignments of error. We believe reversible error is not shown. The judgment of the trial court is affirmed.