**GULF, C. & S. F. RY. CO. v. MITCHELL.**
(No. 1080.)

(Court of Civil Appeals of Texas. Beaumont. April 22, 1924. Rehearing Denied May 7, 1924.)

**1. Carriers** ⊕═228(5)—**Recovery for death of horse from injuries in transit held not warranted by evidence.**

In absence of evidence of terms of contract for shipment of horse from point from which defendant railroad had no line that railroad by which shipped was connecting carrier of defendant, that horse was delivered to defendant's line, and that it died of injury sustained while in car, or, if so, that car was carried over defendant's line, plaintiff's recovery for its death was not warranted.

**2. Appeal and error** ⊕═1177(7)—**Judgment not rendered for appellant on reversal for insufficiency of evidence.**

On reversal of judgment for insufficiency of evidence, judgment will not be rendered for appellant, whose liability may be established on another trial.

**3. Carriers** ⊕═229(2)—**Shipper must prove and may recover only market value of horse killed in transit.**

In action against railroad for value of horse dying from injuries in transit, plaintiff should prove, and is limited to recovery of, the market value of the horse, if any.

**4. Appeal and error** ⊕═843(1)—**Contentions not likely to arise on retrial not specifically disposed of.**

Contentions which will probably not arise on retrial need not be specifically disposed of.

Appeal from San Augustine County Court; J. T. Miller, Judge.

Action by W. O. Mitchell against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Terry, Cavin & Mills, of Galveston, and Ramsey, Minton & Lewis, of San Augustine, for appellant.

J. R. Bogard, of San Augustine, for appellee.

HIGHTOWER, C. J. This suit was filed by the appellee, W. O. Mitchell, in the justice's court, precinct No. 1, San Augustine county, against appellant, Gulf, Colorado & Santa Fé Railway Company, to recover the value of a horse, which was alleged to be $150. It was claimed by the appellee that the horse was killed while being shipped over appellant's railroad from Harlingen, Tex., to San Augustine, Tex. In the justice's court the case was tried without a jury, resulting in a judgment for the plaintiff in the sum of $150, and defendant appealed to the county court. Upon trial in the latter court with a jury a verdict and judgment were rendered in favor of plaintiff for $150, and, its motion for new trial being overruled, this appeal was prosecuted.

[1] The undisputed proof in the case shows that on September 29, 1920, the appellee chartered a car from the St. Louis, Brownsville & Mexican Railway Company at Harlingen, Tex., in which to ship from that point to the town of San Augustine, in San Augustine county, Tex., four head of horses and six head of cattle and some household goods. He testified that he made a contract with the railroad agent at Harlingen, Tex., and paid that agent $138 freight on the car. The contract was not offered in evidence, or its terms disclosed in any way by the record. The undisputed proof further showed that appellant in this case has no line of railroad from Harlingen over which the car containing the live stock could have been moved. On the contrary, the proof is that the shipment moved from Harlingen to Houston, Tex., on the line of the St. Louis, Brownsville & Mexican Railway Company. The proof further shows without dispute that if the horse died of an injury received while in the car, the injury was sustained while the car was on the line of the St. Louis, Brownsville & Mexican Railway Company, and not on the line of the appellant. There is no proof in the record that the first-named railway company is a connecting carrier of appellant. The undisputed proof further shows that the horse in question was never delivered to or reached the line of appellant, nor does it even show that the car in which the horse received his injuries, if any, was carried over the line of appellant at all.

[2] The horse died in the city of Houston some time the next day after the shipment was made from Harlingen, while being treated by a veterinarian, who testified that the horse died of colic. These facts were insufficient to entitle the plaintiff to a recovery, which is one of the assignments of er-

---

⊕═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ror made by appellant, and because of such insufficiency of the evidence the assignment must be sustained. It does not follow, however, that appellant's liability may not be established upon another trial, and, therefore, we should not render judgment for appellant.

[3] We also note from the statement of facts that no proof of the market value of the animal was made. Upon another trial, the plaintiff, in order to recover, should make proof of the market value of the animal, and should be confined in the submission of that issue to the market value of the animal, if it had such market value, and the trial court will be governed accordingly.

[4] It is unnecessary to make specific disposition of other contentions made by appellant, as they probably will not arise upon another trial.

The judgment is reversed, and the cause remanded.