**GULF, C. & S. F. RY. CO. v. MITCHELL.**
(No. 1316.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 29, 1926.)

**1. Carriers ⬤═174.**

By taking shipment from connecting carrier, and transporting it without new contract with shipper, railroad recognized and acquiesced in original contract.

**2. Carriers ⬤═173.**

Bill of lading, issued by initial carrier, is by statute binding on connecting carriers, unless they make or demand new contract and give new consideration, in view of Rev. St. 1911, arts. 731, 732, as amended in 1919 (Complete Tex. St. 1920, or Vernon's Ann. Civ. St. Supp. 1922, arts. 731, 732).

Appeal from San Augustine County Court; W. C. Gary, Judge.

Action by W. O. Mitchell against the Gulf, Colorado & Santa Fé Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Terry, Cavin & Mills, of Galveston, and Ramsey & Minton, of San Augustine, for appellant.

J. R. Bogard, of San Augustine, for appellee.

O'QUINN, J. This is the second appeal in this case. For opinion on former appeal see 261 S. W. 548. We do not deem it necessary to make an extended statement of the nature of the suit, but for same refer to our opinion on former appeal.

On former appeal the case was reversed (1) because the contract between appellee and

the initial railroad for the shipment of the stock from Harlingen, Tex., to San Augustine, Tex., was not in evidence, and hence nothing to show that appellant and the line on which the shipment originated were connecting carriers; and (2) no proof of the market value of the horse alleged to have been killed was made.

[1, 2] On the trial in the county court, from which this appeal was taken, the contract between Mitchell and the Brownsville & Mexican Railway, the initial carrier, was in evidence, and under Rev. St. 1911, article 731, as amended in 1919 (Texas Complete Statutes 1920, or Vernon's Ann. Civ. St. Supp. 1922, art. 731), showed a through shipment for an agreed through rate of $138, which was paid by appellee. The record discloses that the shipment was over the initial carrier, the Brownsville & Mexican Railway from Harlingen, Tex., to Houston, Tex., and from Houston to Beaumont, Tex., over the Gulf Coast lines, and from Beaumont to San Augustine, Tex., the point of destination, over the Gulf, Colorado & Santa Fé Railway, the appellant. No new contract was entered into or demanded from appellee by either the Gulf Coast lines or the Gulf, Colorado & Santa Fé Railway Company, but each of them accepted the shipment when tendered to them, and transported it over their lines and to its destination on the contract between appellee and the initial carrier, the Brownsville & Mexican Railway; they and each of them thus recognizing, acquiescing in, and acting upon, the original contract of shipment. Crenwelge v. Ponder (Tex. Com. App.) 228 S. W. 145; Panhandle & S. F. Ry. Co. v. McCrummen (Tex. Civ. App.) 240 S. W. 607. Furthermore, where a shipment is made over connecting lines, as in the instant case, under Rev. St. 1911, arts. 731 and 732, as amended by Acts of the Thirty-Sixth Legislature 1919 (Texas Complete Statutes 1920, or Vernon's Ann. Civ. St. Supp. 1922, arts. 731, 732), the contract of shipment, or bill of lading, issued by the initial carrier is binding upon each and all of the connecting carriers, and their liabilities must be determined thereby, unless it is shown that a subsequent contract, supported by a valuable consideration moving to the owner or shipper, in addition to that of the initial contract, was executed by such owner or shipper with a subsequent connecting carrier handling the shipment. No such subsequent contract was demanded, made, or shown, and therefore the appellant is liable. Article 732, Texas Complete Statutes 1920; Panhandle & S. F. Ry. Co. v. McCrummen (Tex. Civ. App.) 240 S. W. 607.

After the case was reversed and remanded on former appeal, it appears that appellee made, and had noted on the docket of the county court, what is termed "Brief Statement of the Nature of Plaintiff's Cause of Action," which was, in effect, a petition showing plaintiff's grounds of action. Appellant insists that this constituted a new cause of action, and, having been filed more than four years after the cause of action accrued, was barred by the four-year statute of limitation. The contention is not sound. The statement entered upon the docket of the court was but an elaboration of the same cause of action as before asserted on appeal from the justice's court.

Appellant also contends that competent and sufficient proof of the market value of the horse was not made. This contention is also overruled. We think the proof was competent and sufficient. ·

The judgment should be affirmed, and it is so ordered.

Affirmed.