KANSAS CITY, M. & O. RY. CO. et al. v. CAUBLE et al. (No. 11564.)*

(Court of Civil Appeals of Texas. Fort Worth. May 8, 1926. Rehearing Denied June 19, 1926.)

1. New trial ⬅117(1).

Court can act on motion for new trial after expiration of 45 days from filing of original motion, since Vernon's Ann. Civ. St. 1925, art. 2092—28, is directory.

2. Carriers ⬅228(5)—In action for damage to shipment of cattle, shippers held to establish prima facie case against railroads by showing unusual delays.

Cattle shippers held to establish prima facie case, in action against railroads for damage in transit to shipment, which was accompanied by caretaker, so as to authorize new trial after instructed verdict for defendants, by showing unusual delays of carriers.

3. Carriers ⬅228(1).

Caretaker of cattle shipment in transit held not charged with notice of reasons for delays of railroads, and not required to show that such delays were negligent.

4. Carriers ⬅228(1).

Where carrier takes cattle without limitation of common-law liability, and shipper is not required or permitted to accompany them, delivery in injured condition puts burden on carrier to show absence of liability.

5. Carriers ⬅215(1).

Carrier is not liable for injured cattle shipment, if it provides suitable means of transportation and exercises degree of care which nature of property requires.

6. Carriers ⬅228(1)—Where suitable means of transportation and due care are not shown, carrier's defense that injury to cattle shipment was due to inherent vice of animals, or contributory negligence, must be proven affirmatively.

Where carrier does not show that suitable means of transportation was provided for injured cattle shipment, and that degree of care which nature of property required was exercised, defense that injury was due to inherent vice of animals, or shipper's contributory negligence, must be proven affirmatively.

7. Carriers ⬅227(1).

Shipper's allegation that defendant railroads, their agents, and representatives undertook to transport cattle from certain point to another named point, and there to deliver them to commission company, held sufficient to allege through shipment.

8. Carriers ⬅219(5).

Where stock in intrastate shipment was shipped over connecting lines under contract of through shipment, both carriers are liable for damage occasioned by negligence of both or either, in view of Vernon's Ann. Civ. St. 1925, art. 905.

9. Carriers ⬅228(1).

Unexplained and unusual delays of carriers in transporting cattle raises presumption of negligence sufficient to take such question to jury.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by George C. Cauble and another against the Kansas City, Mexico & Orient Railway Company and others. From a judgment granting plaintiffs a new trial, after an instructed verdict had been given for defendants, defendants appeal. Affirmed.

Alexander & Baldwin, Thompson & Barwise, and Fred L. Wallace, all of Fort Worth, for appellants.

Crowley & Crowley, of Fort Worth, for appellees.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused November 3, 1926.

BUCK, J. George C. Cauble and W. T. Cawley sued the Kansas City, Mexico & Orient Railway Company and the receivers of the Texas & Pacific Railway Company for damages arising out of delays in shipment of 499 head of beef cattle, consisting of steers, cows, and calves, from Barnhart to Fort Worth. It was alleged that the cattle were delivered to the agents of defendants at Barnhart about 2:30 p. m. May 1, 1920, and were shipped to Fort Worth, to be there delivered to the Cassidy-Southwestern Commission Company. It was alleged that the usual and customary time to transport said shipment was from 26 to 28 hours, and that from 38 to 40 hours was consumed in the transportation. They alleged that the shipment was delayed for a period of 2 hours at San Angelo, which was one hour longer delay than was reasonable and necessary; that after reaching Sweetwater and after having been delivered by the Kansas City, Mexico & Orient Railway Company to the Texas & Pacific Railway Company, it was permitted to remain on the side track for a period of 5 hours; that at Abilene it was delayed about 5 hours longer than was reasonable and necessary; that the Texas & Pacific Railway Company took 13 hours in transporting the shipment from Sweetwater to Baird, a distance of 62 miles, and that such time was 8 hours longer than was reasonable and necessary; that said cattle were kept in the cars at Fort Worth before being unloaded for a period of 4 hours; that each and all of said delays were wholly unnecessary and unreasonable; that by reason of said alleged unreasonable and unnecessary delays the cattle were shrunken, bruised, and depreciated in weight and in market value; that 26 head of cattle were, by reason of the alleged unreasonable and unnecessary delays, dead upon arriving at the stockyards, and 19 were badly crippled, and all the others were shrunken in weight and their market value depreciated. Plaintiffs prayed for damages in the sum of $7,115.65. The evidence shows that the shipment was accompanied by a caretaker.

The defendants, in their fourth amended original answer, filed in reply to plaintiffs' second amended original petition, pleaded a general demurrer, several special exceptions, of which four were sustained, and denied generally and specially the allegations of plaintiffs, and pleaded contributory negligence on the part of plaintiffs in the manner and way the cattle were handled prior to loading, as well as the manner and way the cattle were loaded on the cars at the point of origin, and the inherent vice of said cattle.

The cause went to trial on April 13, 1925, and, at the close of plaintiffs' evidence, the defendants moved for an instructed verdict, which was granted by the court on April 15th, and judgment was entered on that day in favor of defendants. The plaintiffs, on April 24th, filed their original motion for a new trial, and thereafter on June 30, 1925, 67 days after the original motion for new trial was filed, the same was heard by the court and granted; to which action of the court the defendants excepted, and each of them gave notice of appeal to this court.

## Opinion.

[1] We think the trial court did not err in acting on the motion for new trial after the expiration of 45 days from the filing of the original motion for new trial. In Diamond Ice & Cold Storage Co. v. E. F. Strube (No. 11382) 287 S. W. ——, not yet published, we held that subdivision 14 of article 1969a, Rev. Civ. Statutes, as amended by the Acts of the Thirty-Eighth Legislature 1923, p. 215 (Vernon's Ann. Civ. St. 1925, art. 2092—28), in so far as it provides that an original motion or an amended motion for new trial shall be determined within not exceeding 45 days after the original motion or amended motion is filed, unless by written agreement of the parties filed in the case the decision of the motion is postponed to a later date, is merely directory. We later certified the question involved to the Supreme Court, and we understand that a hearing has been had on the certified question and expect a decision by the Supreme Court shortly. However, though the defendants urged below that the trial court did not have authority to grant the motion 67 days after the filing of the original motion for new trial, yet they do not present the question in any assignment in the brief. Our reason for mentioning the question in this opinion is that it might be claimed to involve a question as to our jurisdiction, and therefore one of fundamental error. In the absence of an authoritative ruling by the Supreme Court to the contrary, we will adhere to our determination of the question in the above-cited case.

[2-9] During the trial plaintiffs supported by testimony their allegations of delays as alleged in the petition, and even though the shipment was accompanied by a caretaker, we believe that such allegations and proof presented a prima facie case of negligent delays. It is not to be presumed that a caretaker, looking after the cattle in the shipment, and concerned with the duty of keeping the cattle on their feet, and preventing unnecessary damage thereto, would be charged with notice of the reasons for the various delays alleged and proven, and be required to show that such delays were negligent. Where cattle are delivered to a carrier without any limitation of its common-law liability, and without the shipper assuming any of the hazards of shipment, or being required or permitted to accompany and care for the cattle, enther personally or by agent, and it is shown that the cattle were delivered

at their destination in an injured condition, the burden is upon the carrier to prove that the cause of the injury was one for which it is not liable. 2 Moore on Carriers, p. 904, and authorities cited. The carrier is relieved from responsibility upon proof that it has provided suitable means of transportation and exercised the degree of care which the nature of the property requires, as the presumption then arises that the stock were injured through their inherent vice. Id., p. 906. Where this is not shown, and the defense is that the injury was merely from the inherent vice of the animals or from contributory negligence on the part of the plaintiff, such defense must be proven affirmatively. Fort Worth & Denver City Ry. Co. v. Greathouse, 82 Tex. 104, 17 S. W. 834. The plaintiffs below alleged that the defendants, their agents, and representatives undertook to transport said cattle over their lines from Barnhart to Fort Worth, and there to deliver said cattle to the commission company. They alleged that the contract of shipment had been lost, but we think this is sufficient to allege a through shipment. Where stock, in an intrastate shipment, is shipped over connecting lines under a contract of through shipment, both carriers are liable for the damages occasioned by the negligence of either. Id., p. 907, and authorities cited under note 76, including T. & P. Ry. Co. v. Andrews (Tex. Civ. App.) 80 S. W. 390. See article 732, Vernon's Rev. Civ. Statutes 1914. We think that, where unusual delays have been alleged and proven, and no explanation is made by the railway company of such delays, as in this case, there is a presumption of negligence in the delays, sufficient at least to make it a question for the jury. Hence we conclude that the trial court, after giving a peremptory instruction for the defendants, did not err, as a matter of law, in granting a new trial.

Article 731, as amended by the Thirty-Sixth Legislature (Acts 36th Leg. [1919] c. 165, § 1), Vernon's Civil Statutes 1922 Supp. art. 905, codification of 1925, under the heading of "Connecting Lines of Common Carriers," provides, in part, that:

"Such lines shall be deemed and held to be agents of each other, each the agent of the others, and all the others the agents of each, and shall be deemed and held to be under a contract with each other and with the shipper, owner and consignee of such property for the safe and speedy transportation of such property from point of shipment to destination," etc.

We are of the opinion that both of the railway companies involved may be held liable for any loss sustained by reason of the negligence of both, or of either. We further hold that there was prima facie proof of negligence on the part of the defendants, and that, in the absence of any evidence tending to remove this prima facie case, the trial court was not authorized to give a peremptory instruction for the defendants, and that it did not err in granting a new trial.

The judgment below is affirmed.

### On Motion for Rehearing.

We have delayed passing on the motion for rehearing inasmuch as one of the questions involved was a construction of subdivision 14, art. 1969a, Rev. Civ. Stats., and the Supreme Court had that question before it in the Diamond Ice and Cold Storage Co. v. Strube Case, 284 S. W. 935, on certified question. On June 9th, the Supreme Court answered the question, and held, in effect, that the trial court had authority to determine an amended motion for new trial more than 45 days after the filing of the original motion for new trial. This action of the Supreme Court answers one of the questions involved in this case against the contention of appellants.

We have carefully read and considered other questions urged in the motion, but do not think we erred in our disposal of them on original hearing.

Therefore the motion is overruled.