## HOUSTON & T. C. R. CO. v. CLEMENT GRAIN CO. (No. 515.)

Court of Civil Appeals of Texas. Waco. April 7, 1927.

Rehearing Denied May 19, 1927.

1. Evidence ⟨key⟩186(1)—Certificate prepared from destroyed memorandum, identified by grain inspector and transcriber, held admissible in suit against railroad for grain damage.

Deputy grain inspector's certificate of condition of corn in railroad car, prepared from data on destroyed memorandum and identified by him and by the transcriber as correct, held admissible in suit against railroad for damage to grain.

2. Appeal and error ⟨key⟩1056(1)—Exclusion of admissible inspector's certificate of condition was not rendered harmless by opinion evidence respecting grain's probable condition, in damage suit against railroad.

Testimony that corn's condition when train was wrecked showed it must have been musty on leaving shipping point did not render harmless exclusion of admissible grain inspector's certificate showing condition at time of shipment.

3. Trial ⟨key⟩115(2)—Telling jury effect on judgment of answer to material question is "improper argument" of counsel.

For counsel to inform jury what effect an affirmative or negative answer will have on the judgment to be entered on its findings is improper argument.

Appeal from McLennan County Court; Jas. R. Jenkins, Judge.

Action by the Clement Grain Company against the Houston & Texas Central Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Baker, Botts, Parker & Garwood, of Houston, and Taylor & Atkinson and W. C. Taylor, all of Waco, for appellant.

Barney A. Garrett and Weatherby & Rogers, all of Waco, for appellee.

BARCUS, J. This suit was instituted by appellee against appellant to recover damages which it claimed to have suffered in the shipment of a car of corn from Waco to Barnum, Tex. Appellee alleged that appellant entered into an agreement with it to transport and carry the car of corn from Waco to Barnum, and that, while in transit, the car was wrecked and part of the corn was lost and the balance was rained on and became wet and musty and badly damaged. It alleged the corn would have been worth $1.10 a bushel if it had been delivered in the same condition as when the company received it, and that it was not worth more than 40 cents a bushel.

Appellant filed some special exceptions, a general denial, and specially pleaded that, if the corn was damaged, it was not while on its line or under its control. It further alleged that it was only an intermediate carrier; that the car of corn originated in Missouri and was transported from Missouri to Barnum; and that by reason thereof it was not liable, in any event, for anything except the damages that were occasioned while it was in its possession.

The cause was tried to a jury, submitted on a large number of issues, and based on the findings of the jury and additional findings by the court, judgment was rendered for appellee for $776.59.

It appears from the record that the car of corn in question was purchased by appellee from a grain company at Grinnell, Mo., and that same time was about two weeks in transit from there to Waco, Tex. After the car of corn reached Waco, it was delivered to appellee and same remained on the tracks at appellee's warehouse for from four to ten days,

and was then, on a new bill of lading issued by appellant, billed to appellee at Barnum, Tex., where same had been sold, with a through bill of lading, which provided that appellant would deliver the corn to its connecting carrier. It appears that, in reaching Barnum by rail, it was necessary to transport the corn over appellant's line of railway from Waco to Houston, and over the H. E. & W. T. line some distance, and then over the W. B. T. & S. line to Barnum. While the car was on the W. B. T. & S. railway it was wrecked, some of the corn spilled on the ground, where it remained about two days, when it was reloaded into another car and carried to Barnum. When it reached its destination at Barnum, the purchaser refused to accept it on the ground that it was wet, musty, and in very bad condition and unfit for market. The corn was then rebilled to appellee at Waco per its instruction, where it was sold, and this suit was for the difference between the original market price and the amount that was received by appellee.

[1] While the car of corn was in Waco, two parties connected with appellee testified that they inspected the same and that it was in good condition. Appellant alleged as part of its defense that, at the time the car of corn was delivered to it, it was in a heated and musty condition, and, in an effort to establish this fact, offered in evidence an inspection certificate made by F. C. Melton, the deputy grain inspector for the Waco Grain Exchange, of which appellee was a member, and which certificate showed that at the time Mr. Melton made the examination while the car was on the track at the warehouse of appellee, it contained "excess moisture." The trial court excluded this certificate on the theory that same had not been properly identified, and appellant assigns error. We sustain this assignment. It appears from the record that Mr. Melton was deputy grain inspector and was working under Mr. Mitchell, the grain inspector for the Waco Grain Exchange, and that he inspected this car of corn and made a memorandum of the condition in which he found it on a piece of white cardboard. He then carried that, to the office, and the contents thereof, he testified, were correctly copied on the inspection certificate, and his, Melton's, name was then signed by a stamped signature thereon, and one of the original triplicate copies was mailed to appellee, one to the railway company, and one filed as part of the permanent records of the Waco Grain Exchange. Mr. Mitchell, the chief inspector, testified that he correctly transcribed the data from the card onto the certificate, and it was shown that the original white card was destroyed, and in fact that it was only made as a memorandum at the time, to be transcribed at once to the inspection certificate. Both Mr. Melton and Mr.

Mitchell testified that the data contained on the inspection certificate was correct. In addition, Mr. Clement, president of appellee, produced the original copy sent appellee, and it appeared to be an exact duplicate of the one retained by the Waco Grain Exchange, and Mr. Clement testified he received same from the Waco Grain Exchange at the time it was made. We think unquestionably that this inspection certificate was admissible in evidence as tending to show the condition of the corn at the time it arrived in Waco from Grinnell, Mo. Sandmeyer v. Dolijsi (Tex. Civ. App.) 203 S. W. 113; Dunn v. Choate, 4 Tex. 14; Stewart v. Crosby (Tex. Civ. App.) 56 S. W. 433; Pate v. Gallup (Tex. Civ. App.) 195 S. W. 1151; Hart v. Associated Oil Co. (Tex. Civ. App.) 261 S. W. 606; MaGee v. Paul, 110 Tex. 470, 221 S. W. 254.

[2] Appellee contends that the certificate was not admissible, but that in any event it was harmless error for the court to exclude same, because other witnesses of appellant testified that, in their opinion, the car of corn at the time it was wrecked was in such condition that it could not have been in good condition at the time it left Waco. We cannot agree with this contention. The testimony of the grain inspector was in the nature of original testimony by a disinterested party who was in the employ of the Waco Grain Exchange, of which appellee was a member, and tended to show that the corn was in bad condition when it reached Waco. The other witnesses testified that from the condition of the corn at the time of the wreck it must have been wet and musty and in bad condition when same reached Waco. The record shows that the car of corn was shipped in the latter part of October and had been on the road for at least two weeks before it reached Waco.

Appellant contends that the pleadings of appellee are not sufficient to authorize a recovery against it for damages that were occasioned by its connecting carriers. In view of the fact that the cause must be reversed, we will not pass on this question, since the pleadings will in all probability be amended before the cause is tried again.

[3] Appellant contends that there was error for which the cause should be reversed, because of the improper argument of counsel in telling the jury the effect its answer to one of the material questions would have on the trial court in rendering judgment. We think the remarks of counsel were improper. We again call the attention of counsel to the fact that, in their argument to the jury, they should refrain from informing the jury what effect an affirmative or negative answer will have on the judgment to be entered on its findings. St. L. S. Ry. Co. of Texas v. Osborne (Tex. Civ. App.) 270 S. W. 922.

The other questions that are presented by

appellant's brief will not likely arise on another trial. For the error on the part of the trial court in excluding the inspection certificate of the grain inspector, the judgment of the trial court is reversed and the cause remanded.