**HOUSTON & T. C. R. CO. v. CLEMENT GRAIN CO. (No. 700.)**

Court of Civil Appeals of Texas. Waco.
Oct. 11, 1928.

Rehearing Denied Nov. 8, 1928.

Taylor, Atkinson & Farmer, of Waco, for appellant.

Jas. P. Alexander and Barney A. Garrett, both of Waco, for appellee.

BARCUS, J. This is the second appeal of this case. 295 S. W. 234. The cause was tried upon appellee's second amended petition, filed after the case was reversed. Appellee alleged that it delivered to appellant a car of corn, to be shipped from Waco to Barnum, Tex.; that appellant issued to it a through bill of lading, under the terms of which it agreed to transport said car to said destination; that the car of corn was accepted by the connecting carriers under said through waybill; and that each of the connecting carriers recognized, acquiesced in, and acted upon, same. It further alleged that appellant, or its connecting carriers, permitted the corn to get wet, and thereby caused same to be damaged; that, by reason of the damaged condition in which the corn was, the purchaser at Barnum refused to accept it; that the car was wrecked at Corrigan near Barnum, and that there was no market value for said corn at Barnum or Corrigan, and that, in the exercise of ordinary diligence, it had the corn shipped back to Waco, where it was sold at the highest market obtainable, to wit, 40 cents per bushel; that the corn, at the time it was shipped, as well as at the time it was wrecked near Corrigan, was worth $1.10 a bushel at Waco, Corrigan, or Barnum; that, because there was no market or sale for the corn at Barnum or Corrigan, it was required to pay freight on the car back to Waco to the amount of $59.85. Appellant filed general denial, general demurrer, plea of limitation, and a number of special defenses. The cause was tried to a jury, submitted on special issues, and resulted in judgment being rendered for appellee.

■ Appellant, by a number of assignments of error and propositions, contends that appellee's cause of action against it was barred by limitation, except such damage as might have accrued on appellant's line of railway; its contention being that, in all the pleadings filed by appellee before the expiration of four years after the injury complained of, no allegation was made that the connecting carriers of appellant recognized, acquiesced in, or acted upon, the through bill of lading which it issued. Appellant's theory is that, in order to bind the initial carrier, under articles 905 and 906 of the Revised Statutes, for all of the damages occasioned in the transportation of a car of freight under a through bill of lading issued by the initial carrier, it is necessary to allege that the connecting carriers did recognize, acquiesce in, or act upon, such through bill of lading. We overrule this contention. The law seems to be well settled under said statutes that, where the initial carrier gives a through bill of lading, it thereby obligates itself to deliver the shipment at destination, and, by virtue of said statutes, it becomes liable for all damages that may accrue to said property while same is in transit over its lines or any of the lines of its connecting carriers. G., C. & S. F. Ry. Co. v. Mitchell (Tex. Civ. App.) 280 S. W. 335; Panhandle & Santa Fé Ry. Co. v. McCrummen (Tex. Civ. App.) 240 S. W. 607; Kansas City, M. & O. Ry. Co. v. Cauble (Tex. Civ. App.) 286 S. W. 478; Elder, Dempster & Co. v. St. L. S. W. Ry. Co., 105 Tex. 628, 154 S. W. 975.

■■ If appellant is correct in its contention above, we are of the opinion that the pleadings filed by appellee before the expiration of the four years were sufficient to stop the running of limitation, and that the amended pleading was simply an enlargement thereof. Appellee alleged in its former pleadings that it delivered the car of corn in question to appellant, who gave it a through bill of lading and agreed to deliver same at Barnum, Tex., and that appellant was a common carrier, and, as such, it was its duty to transport said corn from Waco to Barnum. It further alleged that appellant accepted said corn for shipment, and that it, or some of its connecting carrier agents, failed to deliver the corn, and negligently caused same to be wrecked. It further alleged that the corn was in the possession of the appellants, its agents, representatives, and connecting carriers from the time it was delivered in Waco until the time it was returned to Waco in its damaged condition. It further alleged that the appellant, its agents, servants, and representatives, its connecting carriers, its agents and representatives, negligently failed to perform their duty and transport said corn to its destination, and that the damage to the corn was occasioned by said negligence. The amended pleadings on which appellee tried the case, and which appellant concedes cure the objection urged, differed from the allegations in the former pleadings only to the extent that appellee alleged specifically that the connecting carriers of appellant were appellant's agents and representatives, and that said connecting carriers acted on, recognized, and acquiesced in the through contract of shipment issued by appellant. We do not think the amended pleadings set up a new cause of action. McCamant v. McCamant (Tex. Civ. App.) 203 S. W. 118; Falls Rubber Co. v. La Fon (Tex. Com. App.) 256 S. W. 577.

Appellant, by a number of assignments and propositions, contends that there was no legal evidence offered which authorized the jury to find there was no market value of the corn at Corrigan or Barnum after the same

was wrecked. The record shows that the car of corn in question was shipped from Grinnell, Kan., to appellee at Waco, reaching Waco over the Missouri, Kansas & Texas Railway on November 8th; that it was by appellee inspected, and, after inspection, accepted. Thereafter, on November 13th, in the same car in which it was brought to Waco, the corn was shipped over appellant's line under a new bill of lading to Barnum, Tex. The corn was taken to Houston over appellant's line, then over the H. N. W. & T. Railway to Lufkin, and at Lufkin was transferred to the W. B. T. & S. Railway, and, while on that road, near Corrigan, just before it reached Barnum, same was, on November 19th, wrecked, and one-fourth to one-half of the corn was spilled out of the car. On the 20th or 21st of November the corn was reloaded into a new car, and carried on to Corrigan. The purchaser of the corn at Barnum inspected same shortly after it was wrecked and before it was reloaded, and refused to accept same, because of its damaged condition. Appellee was notified of the rejection, and, on November 29th, ordered the car of corn returned to it at Waco. Same was returned, and reached appellee on December 3d.

There was considerable evidence pro and con as to whether the corn was in good condition at the time it left Waco, and the jury found that it was in good condition at that time. There were a number of witnesses, some for appellee and some for appellant, and all of them testified that, at the time the car of corn was wrecked near Corrigan, it was in a very bad condition; that it was heated and sprouting and wet, and was not, in any sense of the word, good corn. Some of the witnesses testified that, while the corn was lying on the ground, it was rained on, and it was then loaded into a new car. Mr. Ben Clement, one of the appellees, testified that, when the car of corn was returned to Waco, it was in a "leaky car," and that there had been a great deal of rain a few days preceding, and that the car of corn was very wet when it was returned to Waco on December 3d.

The evidence does not show where the corn was from the time it left Waco on November 13th to the time it was wrecked on November 19th, or show whether it was exposed to the rain during said time. The jury found that appellant permitted the car of corn, while in its possession, to get wet, and that same caused it to become damaged. They further found that there was no damage to the corn while it was being transported back to Waco.

The only witness who testified with reference to the value of the corn was Mr. Ben Clement. He testified that he knew the value of corn of the class and character of that contained in said car in Waco, and that the price in Waco was the same as the price in all of territory No. 3, which embraced Crockett and Mt. Calm and Madisonville and Beaumont and Barnum and points in that territory; that he had never been at Barnum, and had never sold any corn there before, and that he was basing his testimony as to the market price of the corn at Barnum and Corrigan on the price at Waco, and in territory No. 3; that the market was fixed by reason of the fact that the corn was shipped from the northern market, and that the freight rates to all points in said territory No. 3 were the same, and for said reason the market price of corn in all of said territory was the same. He testified that the market price of said corn at the time it was shipped from Waco and at the time it reached Barnum, if it had been in the condition it was when it left Waco, was $1.10 per bushel. He further testified that, after the car was wrecked, he tried to sell the corn to Edmondson Bros. at Crockett, the parties who had originally bought the corn to be shipped to Barnum, and that they refused to take it on the ground that it was in bad condition; that appellee then ordered the corn brought back to Waco; that he did not try to sell the corn in its damaged condition to any one else except Edmondson Bros., either at Crockett or Barnum or Corrigan or Houston, or any other point; that Edmondson Bros. advised they had no demand for that character of corn; that they wanted it to feed to mules. He further testified that he did not know of any corn such as that in its damaged condition being sold at Barnum or in that section, and that he did not know whether it had a market there or not, except what Edmondson Bros. told him; that they told him there was no market for it.

■ Appellant objected to the statement above by the witness Clement that Edmondson Bros. told him there was no market for the corn in that country, and asked the court to exclude same from the jury, because same was not responsive to the question asked. The record shows that, while counsel for appellant was examining the witness Clement on cross-examination, they asked him the following question: "Do you know whether or not there was a market for such corn down there; damaged corn?" to which the witness answered: "Except what Edmondson Bros. told us, that there was no market for it, and they were there in the country." Counsel for appellant immediately asked the court to strike from the record that portion of the answer which stated what Edmondson Bros. told him, because it was not responsive to the question asked. The court refused to strike said testimony, and appellant has properly presented this action of the court for review. Clearly, the statement made by the witness as to what Edmondson Bros. told him was not responsive to the question. The question asked simply called for a "Yes" or "No"

answer. It was error for the trial court to refuse to exclude said voluntary statement on the part of the witness.

The court having committed error by refusing to strike said testimony from the jury, the question arises as to whether this error alone is sufficient to require a reversal of this cause. The record shows that on his direct examination Mr. Clement did not in any way testify with reference to the value of the corn at Barnum, Corrigan, or Crockett in its damaged condition, or whether there was or was not a market for said corn in its damaged condition in said locality. On cross-examination by counsel for appellant, Mr. Clement testified that Barnum was a small town in East Texas, and that appellee had sold the corn to Edmondson Bros. of Crockett, to be delivered at Barnum; that, after the corn was wrecked, Edmondson Bros. advised appellee that they refused to accept it, and told them that they could not use it; that Edmondson Bros. refused the corn on the ground that it was in bad condition.

He further testified that appellee tried to get Edmondson Bros. to sell it because they were close by, and since they (appellees) could not sell it; that appellee did not try to sell the damaged corn to any one else except Edmondson Bros., who were located at Crockett; that they did not try to sell it at Barnum or Corrigan; that they did try to sell it to Edmondson Bros., who advised they had no demand for corn of that character in that country; that they wanted to feed it to mules. Mr. Clement further testified that he did not know of any corn in its damaged condition being sold either at Barnum or Corrigan along about that time; that they had a lot of it in Waco; and that it did have a market in Waco. There was no objection to any of the above testimony. On redirect examination, Mr. Clement testified that, at the time the corn was wrecked, considering the difference in which the car was, there was no market for corn of that kind, because there was no demand for it; that the reason they had the corn brought back to Waco instead of undertaking to sell it at Barnum was that it could not be sold there in the first place, and, in the second place, they (appellees) wanted to see the corn themselves, so they could determine its value; that "the corn, after it was wrecked, had no grade, and all corn is sold on grade and when the grade is destroyed, we had to sell it by sample, and from my experience, it would not have been possible or practical to have undertaken to have disposed of that damaged corn down there."

Appellant objected to the statement of the witness Clement on redirect examination that there was no market for said corn at Barnum in its damaged condition, because it claimed said testimony was repetition and not in rebuttal. The court, we think, properly overruled said objection. It will thus be seen that almost the same evidence which appellant requested the court to withdraw from the jury had been prior thereto, in response to questions asked by appellant, testified to by said witness without any objection. The statement asked to be withdrawn was nothing more than a repetition of the previous testimony of said witness. On redirect examination, the same witness, without any valid objection being made, testified that there was no market for the corn at Barnum in its damaged condition. There was no effort made on the part of appellant to show there was a market value for damaged corn at Barnum. We do not think, under the condition of the record, that the failure of the trial court to withdraw the voluntary statement complained of is sufficient in itself to authorize a reversal of this case.

■■ We think that Mr. Clement was competent to testify with reference to the market value of corn of the kind and character contained in said car, at the time same should have been delivered at Barnum, if it had been delivered in good condition. Rogers & Adams v. Lancaster (Tex. Com. App.) 248 S. W. 660; Merchants' Cotton Oil Co. v. Acme Gin Co. (Tex. Civ. App.) 284 S. W. 680. We think the testimony was sufficient to authorize the jury to find that there was no market value of the corn in question in its damaged condition at Barnum or Corrigan.

We have carefully examined all of appellant's assignments of error, and same are overruled. The judgment of the trial court is affirmed.