**ROGERS & ADAMS v. LANCASTER et al.**
**(No. 396–3731.)**

(Commission of Appeals of Texas, Section A. March 7, 1923.)

1. **Appeal and error ⊚⟲971(2) — Ruling on qualification of witness testifying as to market value of property not disturbed unless clearly wrong.**

The qualification of a witness testifying as to the market value of property is primarily a question for the trial court, and his ruling thereon will not be revised, unless it appears that such ruling was clearly wrong.

2. **Evidence ⊚⟲489 — Witness as to the value of mules held competent.**

A witness, having a general knowledge of the market where mules were sold for farm use, and that he sold a carload of mules on the market and received the returns therefrom shortly prior to the transaction of which he was testifying, held a competent witness on the market value of mules at the time and place in question.

3. **Evidence ⊚⟲568(4)—Weight of opinion evidence as to the value of personal property for jury.**

The weight of opinion evidence as to the value of personal property is for the jury.

4. **Appeal and error ⊚⟲1091(1)—Remanding of case by Court of Civil Appeals for insufficiency of evidence binding on Supreme Court.**

A finding of the Court of Civil Appeals that there is no evidence in the record to sustain the judgment of the trial court will be assumed to include a further and lesser finding that the judgment of the trial court was against the weight of the testimony, and the latter finding would have authorized a · remanding of the cause by the Court of Civil Appeals.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by Rogers & Adams against J. L. Lancaster and others. From a judgment of the Court of Civil Appeals (235 S. W. 643), reversing and remanding in part a judgment of the district court, plaintiffs bring error. Affirmed.

Ed M. Whitaker and Volney M. Brown, both of El Paso, for plaintiffs in error.

R. S. Shapard and Robt. Thompson, both of Dallas, and S. N. Russell, of El Paso, for defendants in error.

GALLAGHER, P. J. Rogers & Adams, plaintiff in error, sued J. L. Lancaster and C. L. Wallace, receivers of the Texas & Pacific Railway Company, defendants in error, and the Panhandle & Santa Fé Railway Company, to recover damages to a carload of mules alleged to have resulted from rough handling and delay in transportation. The mules were shipped from El Paso to Chillicothe for sale on the market there. The route from El Paso to Sweetwater was

---

⊚⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

over the line of railroad operated by said receivers. When the mules arrived at Sweetwater plaintiffs in error diverted them to Adrian, Tex., claiming that they were so injured in transit that they were unfit to be immediately placed on the market.

The case was submitted to a jury on special issues, in response to which the jury found that the mules were damaged as claimed, and that all such damages accrued while the shipment was in the hands of said receivers. Judgment was rendered on the verdict in favor of plaintiffs in error against the receivers and in favor of the Panhandle & Santa Fé Railway Company, against plaintiffs in error. The receivers appealed. The Court of Civil Appeals affirmed the judgment in favor of the Panhandle & Santa Fé Railway Company, and reversed the judgment against the receivers, and remanded the case for another trial on the issues between them and plaintiffs in error. 235 S. W. 643. The Supreme Court granted a writ on application of plaintiffs in error.

J. A. Rogers, one of the plaintiffs in error, was a witness at the trial. He testified before the jury to the market value of the mules at Chillicothe at the time and in the condition they should have arrived at that place with proper care and dispatch in transportation, and to the market value at that place at the time and in the condition they would have arrived if transported from Sweetwater there with proper care and dispatch. He was the only witness on the issue of the amount of damage, and the verdict of the jury in that respect is predicated solely on his testimony.

He testified that the mules were from the range and unbroke. He described them with reference to height, weight, and general qualities. He further testified that he knew the market value of such mules at Chillicothe. In response to questions touching upon his knowledge of the market at Chillicothe at the time he testified about, he stated that he did not see any mules of the same kind bought or sold at that place during the month the shipment was made; that he had sold probably 30 cars of mules on that market, but all such sales were a year or more preceding; that he was in Chillicothe in January, and saw mules sold there at that time; that the purpose of that visit was to see the condition of the market with a view of shipping mules there; that he stayed four days at that time and made inquiry of people engaged in the business; that he shipped a car of mules there in February following said visit, and, while he did not go there and sell them in person, he had them sold and received the money for them, and that he based his knowledge of market values on all these things.

It was further shown by the witness that he was experienced in handling, shipping, selling, and buying mules; that Chillicothe was a place of about 2,500 or 3,000 people, and that it was situated in a thickly settled good farming country; and that there was a regular market there for mules all the time.

The court, over the objection of the receivers, held the witness qualified to testify on the subject of the market value of said mules at Chillicothe. The Court of Civil Appeals held this ruling was error, and that holding is presented by proper specification of error in the application for the writ in this case.

[1] The certainty with which the market value of an item of property may be proved necessarily depends to a large extent on the character of the property and the state and extent of the market. The market value of staple articles of commerce in large markets may be shown by daily sales of the same kind and character of property, and thus established with approximate certainty. On the other hand, certain classes of property may have a market value capable of being ascertained, although the particular item of such property under consideration may possess special qualities, and transactions involving a sale and purchase of similar property at the place in question may be comparatively rare. In such cases there may have been no sales of property of the very kind and character under consideration at the very time and place at which the market value must be proved. Yet, a witness may know of sales of property of similar kind and character at other times more or less remote, from which he, being familiar with such markets in general and more or less familiar with the particular market in question, can form a reasonably accurate opinion of the market value of the particular property under consideration at the time and place required. Sales so considered by the witness may be either prior or subsequent to the date involved in the controversy on trial, provided they are not too remote. The closer the proximity of such sales to the time in question and the greater similarity in kind and quality of the property sold therein necessarily affects the weight of such testimony. While opinions as to value are received in evidence in such cases, before they are so received it must be made to appear that the witness is in possession of the necessary information to enable him to form a reasonably accurate opinion or estimate of such value. There is, however, no inflexible rule prescribing the exact amount of information concerning sales of similar property in the market in question which must be possessed by the witness before he will be held competent to testify to his opinion or estimate of the market value of the property under consideration. The qualification of a witness in such cases is primarily a question for the trial court, and his ruling thereon will not be revised unless it appears that

such ruling was clearly wrong. 22 C. J. pp. 573 to 581, §§ 680 to 682, inclusive; Southern Pacific Ry. Co. v. Maddox, .75 Tex. 300, 305, 306, 12 S. W. 815; Freeman v. Taylor, 61 Tex. Civ. App. 393, 130 S. W. 733, 734; Byrd Irrigation Co. v. Smyth (Tex. Civ. App.) 157 S. W. 260, 262.

[2, 3] The witness in this case was experienced in handling mules and in buying and selling them on the market. He knew the qualities of the mules under consideration. He had a general knowledge of the market of Chillicothe, where it seems mules were sold for use on farms. He also knew of sales of mules on that market in January preceding, and made a special investigation as to value of mules in that market at that time. In February he sent a carload of mules to that market, and had them sold by an agent. He received the returns therefrom, and considered and noted the amount actually received therefor. This transaction was of such probative force as to entitle it to be considered in determining his qualification as a witness to the value of the mules in question in the latter part of the following March, when they would have arrived at Chillicothe had they not been diverted at Sweetwater. He testified that he knew such market value, and stated fully the facts and circumstances on which his opinion or estimate of such value was based. We think he was a competent witness on the market value of said mules at the time and place in question. The weight of his testimony was for the jury. It follows that the Court of Civil Appeals erred in holding to the contrary. 22 C. J., supra; Southern Pacific Railway Co. v. Maddox, supra; Freeman v. Taylor, supra; Byrd Irrigation Co. v. Smyth, supra; Allen v. Carpenter, 66 Tex. 138, 139, 142, 18 S. W. 347; G., C. & S. F. Ry. Co. v. Dunman, 85 Tex. 176. 181, 19 S. W. 1073; S. A. & A. P. Ry. Co. v. Ruby, 80 Tex. 172, 173, 15 S. W. 1040; Ft. Worth & D. C. Railway Co. v. Hapgood (Tex. Civ. App.) 210 S. W. 969, 971, and authorities there cited; Quanah, A. & P. Ry. Co. v. Lancaster (Tex. Civ. App.) 207 S. W. 606, 607; G., H. & S. A. Ry. Co. v. Polk (Tex. Civ. App.) 28 S. W. 353, 354; G., C. & S. F. Ry. Co. v. Russell (Tex. Civ. App.) 23 S. W. 527, 529; Gerlach Mercantile Co. v. Hughes-Bozarth-Anderson Co. (Tex. Civ. App.) 189 S. W. 784, 789; M., K. & T. Ry. Co. v. Cocreham. 10 Tex. Civ. App. 166, 30 S. W. 1118; Houston Packing Co. v. Griffith (Tex. Civ. App.) 164 S. W. 431, 434; Texarkana & Ft. Scott Railway Co. v. Bell (Tex. Civ. App.) 101 S. W. 1167, 1169, 1170; Belknap v. Groover (Tex. Civ. App.) 56 S. W. 249, 252; Chicago, R. I. & G. Ry. Co. v. Jones (Tex. Civ. App.) 118 S. W. 759, 760; Texas Central Railway Co. v. Fisher, 18 Tex. Civ. App. 78, 43 S. W. 584.

[4] We are asked to recommend that the judgment of the Court of Civil Appeals, reversing the judgment of the trial court and remanding the cause, be set aside, and that the judgment of the trial court be affirmed. The Court of Civil Appeals, because of the supposed lack of qualification of the witness Rogers to testify concerning the market value of the mules, held that the verdict and judgment of the trial court were without support in the evidence, and reversed and remanded the case. The exact issue raised by this request was before Section B of this Commission in the case of Lilienthal v. Motor Car Indemnity Exchange (Tex. Com. App.) 239 S. W. 906, 907, 908, and Judge Powell, for that court clearly and aptly stated the law controlling the issue raised thereby, as follows:

"Although we think the Court of Civil Appeals erred in holding that there was no evidence identifying the car in question, we think the Supreme Court is without authority to affirm the judgment of the trial court. The Court of Civil Appeals did not enter final judgment rendering the case for the indemnity company, but remanded it for another trial upon the facts. Their finding that there was no evidence in the record to sustain the judgment of the trial court will be assumed to include a further and lesser finding that the judgment of the trial court was against the weight of the testimony. The latter finding would have authorized a remanding of the cause by the Court of Civil Appeals. A remanding for that reason would be binding upon the Supreme Court, involving purely a question of fact. The rules of law in that connection which we are following here have been stated by our Supreme Court in an opinion by Chief Justice Phillips in case of Tweed v. W. U. Tel. Co., 107 Tex. 247, 255, 166 S. W. 696, 177 S. W. 957. Under that authority and others it cites we must respect the remanding of this case by the Court of Civil Appeals and recommend that its action in that connection be affirmed."

We therefore recommend that the judgment of the Court of Civil Appeals, reversing the judgment of the trial court and remanding the cause to the district court, be affirmed, but that the court on another trial be governed by this opinion on the issue herein discussed.

CURETON, C. J. The judgment of the Court of Civil Appeals, reversing and remanding the case, affirmed, with instructions that the subsequent trial of the case be governed by the opinion of the Commission of Appeals.