**ROSS v. WILKERSON.** (No. 1795.)

(Court of Civil Appeals of Texas. El Paso. Nov. 5, 1925.)

**1. Continuance ⧟51(1)—Third application for continuance held properly refused.**

A third application for continuance, based on practically same grounds as previous applications, that depositions of witnesses living in another county had not been returned, was properly overruled, where due diligence to secure such evidence was not shown, in that without excuse no effort was made to take depositions of witnesses until two weeks prior to term of court.

**2. Appeal and error ⧟971(2)—Qualification of witness to testify as to value held primarily a question for trial court, not reversed unless clearly wrong.**

The qualification of a witness to testify as to value is primarily a question for trial court, and ruling thereon will not be reversed unless it appears that it was clearly wrong.

**3. Evidence ⧟543(4)—Testimony of witness, shown to have necessary information to enable him to form accurate estimate of value of sheep, held admissible.**

Where witness was shown to have necessary information to enable him to form reasonably accurate estimate as to value of sheep, his testimony of market value, referring to county where sheep were sold, shortly before and after sale, was admissible; its weight being for court or jury.

Appeal from District Court, Glasscock County; Chas. Gibbs, Judge.

Action by W. R. Ross against M. A. Wilkerson. Judgment for defendant, and plaintiff appeals. Affirmed.

Morrison & Morrison, of Big Spring, for appellant.

B. Frank Haag, of Midland, for appellee.

WALTHALL, J. On February 5, 1920, appellee, M. A. Wilkerson, executed a promissory note in the sum of $2,200, due on or before one year after date, payable in Glasscock county, to the order of Ross & Linthicum, a partnership, the note bearing interest from date and stipulating for attorney fees. Indorsed on the back of the note is written, "Pay to the order of W. R. Ross," and signed by Ross & Linthicum, and by Ross and Linthicum, individually. The suit was on the note against Wilkerson and Linthicum, but was dismissed as to Linthicum.

Wilkerson answered by general denial, and by special answer alleged, in substance, that Ross & Linthicum as a partnership owned a large flock of sheep, and on the 5th day of February, 1920, Linthicum, acting for the firm, proposed to sell to him 300 ewes then on the firm's ranch in Glasscock county, at the price of $17.50 per head, and as an inducement to the purchase represented to him that said ewes ranged in age from 2 to 5 years, and had been bred and would net a lamb crop for the spring of 1920 of 100 per cent. in number of ewes purchased; that they would guarantee and warrant the ages as above and the lamb crop as above; that he believed and relied upon said representations as above as being true, and that said representations influenced him to purchase 300 ewes from said Ross & Linthicum at said price for breeding purposes. He alleges said representations were not true and made for the purpose of inducing the purchase at said price per head. He further alleged that said ewes were over 5 years of age, and otherwise decrepit and unfit for breeding purposes for which they were purchased, and that in fact they produced only 188 lambs for the lamb crop for the spring of 1920, and that because of the matters complained of the value of the ewes purchased was not in excess of $5 per head at the time and place of their purchase; that he had paid the sum of $3,050 of the total consideration, and that the note sued on represented the unpaid balance of the consideration. He alleged the failure of the consideration for the note.

At the term at which the case was tried appellant moved for a continuance of the case, which was by the court overruled. The case was tried with a jury and submitted upon the general issue as indicated above. The jury found for appellee, "and in full cancel-

lation of the note," upon which judgment was entered for appellee.

## Opinion.

[1] The first proposition of appellant complains of the overruling of his third application for a continuance. Practically the same defensive matters had been pleaded in the case some two years prior to the trial of the case at the November term, 1924. The two witnesses whose depositions were sought and had not been returned, and for which the application for continuance was asked, lived in Tom Green county, and not in Glasscock county, where the trial had been pending, and no effort seems to have been made to take the deposition of either witness until about two weeks prior to the November term, 1924, of court, and no sufficient reason is shown why an earlier effort was not made to secure the evidence of the witnesses. We think due diligence to secure the evidence of the absent witnesses is not shown, and the court was not in error in refusing the continuance.

Appellee undertook to prove the value of the sheep in question by Judge J. A. George and L. A. Lane. Judge George said he had handled and dealt in sheep many years; could judge the class and age of sheep; sheared sheep several days for appellee in 1920, shearing from 70 to 75 sheep a day; made observation as to their ages; all the sheep he sheared were over 7 years old, were real old sheep; did not know the difference in value of a ewe used for breeding purposes—that is, between two and 5 years of age and the class of sheep he sheared—it depended on the quality of the ewe; said on direct examination:

"As to the difference in value of those particular ewes, had they been between the ages of 2 and 5 and the kind they actually were, that is old sheep, I don't know that I can answer that question. * * * I don't know what the market value of ewes between the age of 2 and 5 was in Glasscock county in January and February, 1920. The market value is different from what they sell for. Things sell in this country above the market value. I do not know what sheep were selling for at that time."

The witness, recalled, testified:

"I stated on my examination a while ago that the sheep I sheared were old sheep. I suppose those sheep had a market value in this county at that time. The reasonable value of that class of sheep at that time was from $2.50 to $3 per head."

L. A. Lane testified that he had had some 15 or more years' experience in handling or dealing in sheep; owned sheep in 1920; said:

"There was a local market in Glasscock county for ewes in 1920, and I was fairly acquainted with that market. I had occasion in 1920 to see the sheep that Mr. Wilkerson had purchased from Ross & Linthicum."

He stated the occasion; said:

"The dot sheep (Wilkerson's) had a market value in January, 1920, but I saw them later than that, which was in May, 1920, I think it was. There had been no decrease in the market of sheep between January and May, 1920. * * *"

Said:

"There was a good majority of those particular sheep that were old. The market value of old sheep at that time was, in my opinion, about something like $2 or $2.50 per head. * * *"

On cross-examination:

"I don't know of any sheep in that community that sold for $2.50 a head along about May, 1920. * * * I base the value of those sheep on the fact that they were old and no account."

The objection to the testimony was that the witnesses had not qualified to testify as to the market value of the sheep at the time of the sale in February, 1920. We think the objection not well taken.

[2] The qualification of a witness to testify as to value is primarily a question for the trial court, and his ruling thereon will not be revised unless it appears that such ruling was clearly wrong. Southern Pacific Ry. Co. v. Maddox, 75 Tex. 300, 12 S. W. 815; Rogers & Adams v. Lancaster et al. (Tex. Com. App.) 248 S. W. 660.

[3] The point stressed under the proposition is that the witnesses do not show knowledge of market value at the place and time involved. As to the place, the evidence referred to Glasscock county where the sheep were sold. The time was in January and May, previous and subsequent to the transaction in February.

In the Lancaster-Rogers Case the time of the shipment was in the latter part of March. The knowledge the witness had of the market value was in January and February preceding. See Lancaster v. Rogers & Adams (Tex. Civ. App.) 235 S. W. 643. In that case the Commission of Appeals held that the time fixed by the witness when he had knowledge of the value may be either prior or subsequent to the date involved in the controversy provided they are not too remote. All that is required of a witness in qualifying as to his knowledge of value, in order to state his opinion or estimate of value, he must be in possession of the necessary information to enable him to form a reasonably accurate opinion or estimate of such value. The weight to be given to his opinion or estimate as to value is for the court or jury. The admission of the evidence, we think, shows no error.

The propositions discussed are conclusive of the issues presented. Appellant presents other propositions, and we have considered them. They are overruled.

Finding no reversible error the case is affirmed.