ÆTNA INSURANCE COMPANY v. MILLS.

Opinion delivered March 19, 1928.

1.  AUTOMOBILES—USE OF UNREGISTERED CAR.—Where an insurance company claimed an automobile through transfer from insured to whom the insurance company paid insurance because of theft thereof, and defendant sought damages for its detention, the insurance company could not claim that the car had no usable value when seized or during its detention because it had not been registered, under Crawford & Moses' Dig., § 7413, where defendant testified that it was his intention to place a license thereon when he got it out of the repair shop.

2.  AUTOMOBILES—MUTILATION OF SERIAL NUMBERS.—In replevin for an automobile where defendant claimed damages for its detention, plaintiff could not claim that there was no usable value on it when seized or during detention, because the serial number had been mutilated and its use therefore prohibited under Crawford & Moses'· Dig., § 7437, where the only testimony was that of witnesses who failed to find the serial numbers.

3.  REPLEVIN—USABLE VALUE OF AUTOMOBILE.—In replevin for an automobile, where defendant prayed damages for its detention under the writ, testimony of defendant, a painter, that he purchased the car to go to and from work and to haul materials from place to place, together with testimony of witnesses as to its worth per day in such use, held sufficient to show a usable value of the car to defendant.

4.  REPLEVIN—EVIDENCE AS TO USABLE VALUE OF VEHICLE.—In replevin for an automobile where defendant claimed damages for its detention, testimony as to defendant's use of the car during the

period of detention should be limited or restricted to the character of use he was making or intended to make of it.

5. EVIDENCE—VALUE.—In proving values, it is generally a matter of opinion.

Appeal from Faulkner Circuit Court; *W. J. Waggoner*, Judge; affirmed.

*C. A. Holland*, for appellant.

*George W. Clark* and *R. G. Bruce*, for appellee.

HUMPHREYS, J. Appellant brought suit against appellee in the circuit court of Faulkner County to recover a Nash sedan automobile, 1925 model, engine number 181580, serial number 2971566, alleging ownership thereof by transfer from John D. Reagon, to whom it paid $800 on an insurance policy on account of same being stolen. A replevin bond was executed by appellant. Appellee's Nash sedan, which had no engine or serial number upon it, was seized by the sheriff under the writ of replevin issued in the suit, and detained thereunder for five months and twenty days, or until the trial of the cause.

Appellee filed an answer, denying appellant's title, and claiming and praying for damages for the detention of his automobile under the writ.

The cause was submitted to a jury upon the pleadings, testimony, and instructions of the court, resulting in a verdict and consequent judgment in favor of appellee for the car and for $342 damages for the detention thereof.

Appellant has prosecuted an appeal to this court from that part of the judgment awarding damages against it for detention of the car under the writ. It contends for the reversal thereof upon two alleged grounds:

First, that the automobile had no usable value when seized or during its detention, because it had not been registered and a license paid thereon, under the requirements of § 7413 of Crawford & Moses' Digest, and because the motor and serial number had been mutilated, which prevented its use under inhibitions contained in § 7437

of Crawford & Moses' Digest. Second, because the testimony failed to show any usable value of the car to appellee.

(1). Appellee testified that it was his intention to register his automobile and put the license thereon as soon as he could get it out of the repair shop. It does not lie in the mouth of appellant to say that appellee would not have carried out this intention, after seizing and detaining the car at the time it was being repaired. This disposes of appellant's suggestion that the car could not have been used on account of the penalty imposed by failure to comply with the requirements of § 7413 of Crawford & Moses' Digest with reference to registering it and paying a license to use same. The other statute referred to persons, firms and corporations having automobiles in their possession upon which the motor and serial numbers have been mutilated so that the same cannot be read. There is no testimony in the record showing that the numbers had been mutilated. The witnesses testified that they failed to find any motor or serial number upon the car. Unless the testimony showed mutilation of the numbers, the statute could have no application to the facts in the case.

(2). Appellee testified that he purchased the automobile in question to go and come home from his work, and to haul his ladders and materials from place to place. He was a painter, and lived out a mile from the town in which he carried on his business. The testimony relative to the usable value of the car took a wide range, without any objection to the introduction of same by the appellant. C. E. Ramsey testified that, in his opinion, a car used for business and pleasure both would be worth two or three dollars a day. C. E. McNutt testified that the usable value of the car was four or five dollars a day. McNutt based his opinion upon the fact that the car would carry four or five passengers and that the fare per passenger from the home of appellee to Little Rock would be two or three dollars.

The court instructed the jury that the measure of damages was the usable value of the car, meaning, of course, that the use to which appellee intended to put the car governed in arriving at the amount of his damages for the detention of same. In the case of *Kelley* v. *Altemus,* 34 Ark. 184, 36 Am. Rep. 6, which was cited and approved in the case of *Minkwitz* v. *Steen,* 36 Ark. 265, this court announced that the true measure of damages during the unlawful detention of property in replevin suits, which has a usable value, is the value for the use thereof during the time. In stating the rule the court also announced that special damages for deterioration might be shown. In § 883 of the 8th edition of Huddy on Automobiles it is stated: "In case of unlawful detention of a vehicle, there being no physical injury to the vehicle, the value of the use during the period of detention fairly represents the damages." The rule thus announced seems to be sustained by the decided weight of authority. In the application of the rule, of course, the testimony relative to the use during the period of detention should be limited or restricted to the character of use the owner was making or intended to make of the automobile. It was disclosed by the record in the instant case that the owner intended to use the automobile going to and returning from the town where he did business, and in hauling his ladders and materials from place to place. Being a sedan, it is reasonably inferable that he would use it to some extent for pleasure. One of appellant's witnesses testified that, in his opinion, where it was used for business and pleasure both it would be worth from two to three dollars a day. In proving value it is generally a matter of opinion, and there is substantial evidence of this kind in the record unobjected to. It cannot therefore be said that the instruction was abstract. We cannot agree with appellant that there is no evidence in the record at all justifying or warranting the court in submitting the issue of damages to the jury.

No error appearing, the judgment is affirmed.