## INTERNATIONAL–GREAT NORTHERN R. CO. v. MOTLEY. (No. 799.)

Court of Civil Appeals of Texas. Waco. April 18, 1929.

Rehearing Denied June 13, 1929.

Andrews, Streetman, Logue & Mobley, of Houston, and Wear, Stollenwerck & Wear, of Hillsboro, for appellant.

Frazier & Averitte, of Hillsboro, for appellee.

GALLAGHER, C. J. Appellee, W. T. Motley, sued appellant, International-Great Northern Railroad Company, to recover as damages the value of a mule. Appellee alleged, in substance, that said railway ran through his pasture; that its right of way was fenced, except where its track crossed a stream; that said stream was spanned by a trestle, which supported the track; that the right of way fence on each side was connected with said trestle on each end thereof by a wing or cross fence; that appellant's right of way fence ran through a thicket of timber; that said fence had been permitted to fall down so that stock could pass to and fro over the same; that appellee did not know that such condition with reference thereto existed, and turned his stock into his pasture; that his mule, without his knowledge, entered upon the right of way over said gap in the fence; that appellant's servants and agents operating one of its trains discovered said mule grazing on the right of way; that they failed to stop said train, but instead blew the whistle, rang the bell, and caused the

engine to emit large volumes of steam; that the same frightened the mule and caused it to run toward the trestle; that they pursued it with said engine; that there was no way of escape for said mule except over said trestle; that appellant's said servants and agents saw and knew the situation and continued to run said engine and train along said track behind said mule until it ran upon the trestle and fell thereon, but stopped the same before the engine actually struck it; that they then attached chains to the neck and body of said mule, attached said chains to the engine and thereby pulled said mule off the trestle, and that in doing so they broke the mule's neck. Appellee also alleged that each and every act so charged against appellant was negligence on its part and the proximate cause of the death of said mule.

Appellant presented numerous exceptions to appellee's petition, all of which were overruled. It also pleaded as fact defenses, contributory negligence on the part of appellee, and that the stock law was in force in Hill county at the time.

There was a trial before a jury The case was submitted on four special issues, in response to which the jury found, in substance, that:

(1) Appellant was negligent in the use of the means employed by it in removing said mule from the trestle.

(2) Such negligence was the proximate cause of the death of the mule.

(3) The reasonable cash market value of said mule at the time it was killed was $200.

(4) Said mule was killed by appellant's engine pulling a chain fastened around said mule and attached thereto while the same was running over the railroad track.

Said findings are not assailed by appellant. Appellant did not request the submission of any issues. The court rendered judgment on said verdict in favor of appellee against appellant for the sum of $200. Appellant presents the same to this court for review on propositions complaining only of the action of the court in overruling its special exceptions and rulings of the court on the admission and exclusion of evidence.

### Opinion.

■ Appellant by a group of propositions complains of the overruling of its special exceptions to appellee's allegations with reference to the condition of the right of way fence, his lack of knowledge of such condition, the existence and location of the wing or cross fences, and the action of appellant's servants and employés in charge of said engine and train in frightening said mule and in effect pursuing and chasing it onto said trestle. The contention urged is that, in the absence of a specific allegation that the mule was struck by appellant's engine or cars, such allegations were insufficient to state a cause of action under article 6402 of our Revised Statutes. Said article gives to the owner of live stock a cause of action for the value of his stock killed by engines or cars of railroads, and declares that such liability shall exist, notwithstanding the stock law prohibiting such stock from running at large may be in force at that locality at the time. Said article further provides that, if the right of way is fenced by such railroads, they shall be liable only for injuries to stock resulting from lack of ordinary care. The allegations so excepted to explained the presence of the mule on appellant's right of way, tended to exculpate appellee from the charge of negligence on account of such presence, and further explained the reason why said mule ran onto the trestle and charged appellant's servants and agents operating said engine with knowledge of the situation and with negligently pursuing or chasing said mule onto said trestle. Appellee's allegations as a whole stated a cause of action for any injuries to said mule resulting from its running onto said trestle, irrespective of the provisions of said article. M. K. & T. Ry. Co. v. Lovell, 110 Tex. 546, 221 S. W. 929, 930, Id. (Civ. App.) 223 S. W. 1024, 1027, 1028; M. K. & T. Ry. Co. v. Orr (Tex. Civ. App.) 272 S. W. 343, 344-346; Rasco v. H. & T. C. Ry. Co. (Tex. Civ. App.) 261 S. W. 449, 450; I. & G. N. Ry. Co. v. Dixon, 49 Tex. Civ. App. 506, 109 S. W. 978, 979.

■ The cause of action so alleged was not submitted to the jury. The verdict and judgment are based on the acts of appellant's servants in charge of said engine and train in removing the mule from the trestle and in killing it in doing so. Even if the action of the court in overruling said exceptions were erroneous, in the absence of something to indicate that appellant was probably prejudiced thereby, such action would not justify a reversal. Golden v. Odiorne, 112 Tex. 544, 550, 249 S. W. 822, 824, 825, par. 5; Bailey v. Giant Tire & Rubber Co. (Tex. Civ. App.) 3 S.W.(2d) 501, 502, par. 1; Drane v. Humble Oil & Refining Co. (Tex. Civ. App.) 4 S.W. (2d) 241, 244, 245, par. 10; Alsup v. Hawkeye Securities Fire Ins. Co. (Tex. Civ. App.) 300 S. W. 223, 224; McDaniel v. Turner (Tex. Civ. App.) 269 S. W. 496, 497, par. 3; Smith Detective Agency v. Security National Bank (Tex. Civ. App.) 260 S. W. 273, 274, 275; Reisenberg v. Hankins (Tex. Civ. App.) 258 S. W. 904, 911, pars. 13 and 14.

■ Appellant complains of the action of the court in admitting over its objection the testimony of appellee as a witness in his own behalf that his mule weighed 1,235 pounds at the time he purchased it. The objection urged was that such testimony was immaterial and irrelevant and could have no bearing on the value of the mule at the time it was killed. Appellee without objection gave a general description of his mule with reference to age, height, and working qualities, and

as a part of such description estimated its weight at the time it was killed at 1,375 pounds. He testified in that connection that he had not weighed the mule since he purchased it, but that at that time, which the testimony showed was when it was only three years old, it weighed 1,235 pounds. He testified that said mule was five years old at the time it was killed and had grown since he had it. Considered in connection with the testimony above recited, the testimony objected to was admissbile.

■■■ Appellee, in immediate connection with the testimony above recited, further testified: "She was a well developed mule and was ,gentle; I broke her myself. I know what her value was." Appellee's attorney then asked: "What was her cash market value at that time?" Appellant objected on the ground "that the question and answer form no proper basis upon which to determine damage." The court overruled the objection and permitted appellee in answer.thereto to testify that "her cash market value at that time was $250.00." Appellant, by a parenthetical clause in its bill of exception, attributes the words "at that time" in said question and answer to the time appellee purchased the mule instead of the time it was killed. The general rule is that, when a statement of facts, agreed to by the parties and approved by the trial court, is found in the record, recitations in bills of exception shall be read in connection with the recitals in such statement of facts, and that, in case of conflict, the statement of facts will control. R. S. art. 2237, subd. 2; National Grand Lodge v. Wilson (Tex. Civ. App.) 6 S.W.(2d) 206, 208, par. 8, and authorities there cited. We think that it is reasonably apparent that the words "at that time," when read in connection with the testimony of appellee immediately preceding their use, refer to the time the mule was killed. Appellee introduced the testimony of two other witnesses that the reasonable market value of said mule at the time it was killed was $250. Appellant introduced one witness who testified that $175 would have been a fair price for said mule at that time. Said witness also testified to facts and circumstances tending to show that it might have been worth as much as $200 at that time. The jury found that the reasonable cash market value of the mule at the time it was killed was $200. We think it reasonably apparent that appellant suffered no injury from the introduction of the testimony under consideration. Burrell Engineering & Construction Co. v. Grisier, 111 Tex. 477, 240 S. W 899, 900, 901; D. & H. Truck Line v. Lavallee (Tex. Civ. App ) 7 S.W.(2d) 661, 664, par. 4; Roberts v. Nowlin (Tex. Civ. App.) 9 S.W.(2d) 69; Court Rule 62a.

■■ Appellant complains of the action of the court in permitting appellee's witness Hawkins, over its objection, to testify that the reasonable cash market value of said mule at the time it was killed was $250. The objection urged was that the witness had not been shown to be qualified to testify to such value. Said witness testified that he had seen the mule several times and described it in general terms; that he had bought and used mules; that he was acquainted with the prices at which mules were bought and sold on the market in that community. The qualification of a witness testifying as to the market value of property is primarily a question for the trial court and his ruling thereon will not be revised unless it appears that such ruling was clearly wrong. The admission of the testimony complained of affords no ground for a reversal. Rogers & Adams v. Lancaster (Tex. Com. App.) 248 S. W. 660, 661, 662; Ross v. Wilkerson (Tex. Civ. App.) 277 S. W. 425, 426, par. 2; Independent Shope Brick Co. v. Dugger (Tex. ,Civ. App.) 281 S. W. 600, 603, 604; Sparrow v. Tillman (Tex. Civ. App.) 283 S. W. 877, 878.

We have carefully examined all the other propositions presented by appellant in its brief as ground for reversal, and are of the opinion that none of them require such action.

The judgment of the trial court is affirmed.