LONDON & LANCASHIRE INS. CO., Limited, v. HIGGINS et al.

No. 1451.

Court of Civil Appeals of Texas. Waco.

Feb. 1, 1934.

Rehearing Denied March 15, 1934.

Bryan & Bryan, of Houston, and J. G. Mink-ert, of Bryan, for plaintiff in error.

Armstrong & Armstrong and Lamar Bethea, all of Bryan, for defendants in error.

GALLAGHER, Chief Justice.

This suit was instituted by defendant in error, W. E. Higgins, against plaintiff in error, the London & Lancashire Insurance Company, Limited, to recover on a fire insurance policy issued to him by said company. Mrs. Gladys Hardy Matthews, joined pro forma by her husband, F. H. Matthews, intervened, asserting an interest in the insured property and asking that a proportionate part of any recovery be awarded to her by the court. The parties will be designated as in the court below.

Defendant company issued to plaintiff a policy insuring him against loss or damage by fire on certain skating rink equipment in the sum of $600. Said equipment was more particularly described in such policy as consisting of roller skates, extra wheels and straps, piano, stools, tools, and signs belonging to the assured, and all other fixtures usual in such business. The property insured was totally destroyed by fire. Plaintiff alleged that the value thereof exceeded the amount of the policy and prayed for recovery in the sum of $600 as stipulated therein.

The case was tried by the court without the aid of a jury and judgment rendered in favor of plaintiff against defendant for the sum of $600, with legal interest from the date thereof. Judgment was also rendered that intervener take nothing by her suit. No findings of fact by the court were recited in the judgment, nor were any such findings separately filed.

Opinion.

Defendant presents assignments of error in which it strenuously contends that the testimony showed conclusively that plaintiff was not the unconditional and sole owner of the insured property, and that the lack of such ownership constituted a breach of a contractual warranty contained in the policy and rendered the same void. Said policy provided, in substance, that the same should be void if the interest of the insured in the property covered thereby should be other than unconditional and sole ownership. Plaintiff testified that his wife, Mrs. Higgins, and her sister, Mrs. Hardy, owned a tract of land; that they erected thereon a building for use as a skating rink; and that they agreed with the contractors erecting the same that they would pay therefor out of the proceeds arising from the operation of such rink. He further testified that he bought the skates and other equipment used in operating the rink and covered by the policy sued upon and furnished the money to pay therefor; that he did so in pursuance of an agreement between Mrs. Hardy, his wife, and himself that he should purchase and own such equipment but that the same should be used in operating the rink. He testified that it was further agreed that the proceeds arising from such operation should be applied to the discharge of the indebtedness incurred in erecting the building; that after such indebtedness was fully discharged, such proceeds should be paid him for such equipment; and that the same should be his property until he was paid therefor. He testified on cross-examination that the first order for skates and accessories was sent to a dealer in Chicago by his wife, together with an initial cash payment furnished by him; that the skates were shipped "collect"; and that although the same were consigned to his wife and her sister, Mrs. Hardy, he paid or furnished the money to pay the remainder due thereon. He also testified that a counter and a few chairs and stools were the separate property of his wife, having been owned by her before her marriage to him. These articles were of small value and immaterial as affecting the amount

of the recovery herein. He also testified that he afterwards purchased a piano and additional skates, paid or promised to pay therefor, and furnished them for use in the operation of the rink. He testified affirmatively that he had never sold the equipment purchased by him to Mrs. Hardy and that she had no interest therein. Mrs. Hardy subsequently married F. H. Matthews, and she is the intervener in this cause. The operation of the rink was suspended prior to the issuance of the policy sued on. The cost of constructing the building was never fully paid and nothing was ever paid to plaintiff for the equipment claimed by him. There was testimony that the value of the property covered by the policy and destroyed by fire exceeded the amount thereof by approximately $250.

■ The finding of the court in favor of plaintiff was general. Every issuable fact must therefore be considered found in plaintiff's favor if there is any evidence to support such finding. In passing upon the sufficiency of the evidence to sustain such finding, we must view the same in the light most favorable to plaintiff's contention, disregarding all evidence to the contrary. The rule so announced applies to the consideration of the testimony of appellee in his own behalf, and any vagueness or inconsistency therein or any conflict with the testimony of other witnesses merely raised questions of fact to be determined by the trial court. Hines v. Kansas City Life Ins. Co. (Tex. Civ. App.) 260 S. W. 688, 690, pars. 2 and 3, and authorities there cited; Williams & Chastain v. Laird (Tex. Civ. App.) 32 S.W.(2d) 502, 505, pars. 1 and 2 (writ refused), and authorities there cited. Under the authorities cited above, the trial court must be deemed to have found that plaintiff was the unconditional and sole owner of all the property covered by the policy and destroyed by the fire except the counter and a few chairs and stools as above recited. The testimony shows that the aggregate value of said excepted articles was approximately $36 and that the value of the other property destroyed exceeded the amount of the policy by more than $250. Appellant testified, in substance, that he included the items aforesaid in his claim and proof of loss under the belief that he had a legal right to carry insurance on his wife's property and recover for the loss thereof. The purpose of the provision of the policy under consideration was to protect defendant from liability on a risk which it might not have been willing to take. It should be construed strictly against the defendant so as to prevent a forfeiture on purely technical grounds not clearly within the language of the policy nor within the contemplation of the parties at the time. The stipulation relied on is that the "entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if the interest of the insured in the property be other than unconditional and sole ownership." Defendant insists that this stipulation should be construed as though it provided for an avoidance of the entire policy in event the interest of the insured in the property, *or any part thereof*, should be other than unconditional and sole ownership. Nothing will be implied in favor of a forfeiture, but the right thereto must be clearly given by the language used by the parties. Bills v. Hibernia Ins. Co., 87 Tex. 547, 552, 29 S. W. 1063, 29 L. R. A. 706, 47 Am. St. Rep. 121. The courts in this state hold that where the insured is the unconditional and sole owner of all the property covered by the policy except a small amount thereof, the value of which is trivial and wholly immaterial in determining the amount of recovery, the policy is valid and enforceable as to the value of the property actually owned, notwithstanding such stipulation. Niagara Fire Ins. Co. v. Pool (Tex. Civ. App.) 31 S.W.(2d) 850, 852, pars. 4 to 6, inclusive (writ dismissed); Mecca Fire Ins. Co. v. Wilderspin (Tex. Civ. App.) 118 S. W. 1131, 1132, and authorities there cited; North British & Mercantile Ins. Co. v. Freeman (Tex. Civ. App.) 33 S. W. 1091, 1092, and authorities there cited; Delaware Ins. Co. v. Harris, 26 Tex. Civ. App. 537, 64 S. W. 867, 872 (second column); German Ins. Co. v. Luckett, 12 Tex. Civ. App. 139, 34 S. W. 173, 175 (top second column); Georgia Home Ins. Co. v. Brady (Tex. Civ. App.) 41 S. W. 513, 516; Phœnix Ins. Co. v. Lorenz (Ind. App.) 29 N. E. 604.

■ The policy sued on was issued by the Maloney Insurance Agency, apparently a partnership, and their authority to issue the same is not questioned. Prior to the issuance thereof said agency had used or employed one Cox to aid them in procuring business. Mr. Maloney, the senior member of the firm, testified, in substance, that he knew that this property had been insured in another agency and that for some reason the policy had been permitted to expire; that he requested said Cox to see plaintiff and find out what he had to insure, and report back to him; and that he told Cox in that connection that he would write a policy on the property if as much as 50 per cent. of the premium were paid. Cox

entered into negotiations with plaintiff for a policy on said property. Plaintiff testified that he told him in that connection in general terms his relation to the property, and also informed him that the same belonged to him and his wife. No written application for a policy was made or required. Cox reported the result of his negotiations with plaintiff back to Mr. Maloney, and he issued the policy for the defendant and delivered the same to Cox, who in turn delivered it to plaintiff and collected the premium, or a part thereof. Under the authorities above cited, the trial court must be deemed to have construed these circumstances in the light most favorable to plaintiff and to have held that notice of the actual facts affecting the title to the property insured had been given to a representative of the agency prior to the issuance of the policy. The policy sued on was issued and delivered prior to the effective date of chapter 96, General Laws 42d Legislature, Regular Session (Vernon's Ann. Civ. St. art. 5062a). The testimony above quoted shows affirmatively that Cox, in the matter of soliciting and negotiating this contract of insurance, was acting at the special instance and request of defendant's agency and in the furtherance of its business. We may safely assert as a matter of common knowledge that a large part of the actual business of many insurance agencies was then and is now transacted by clerks and other employees. The authorities in this state hold that in agencies so conducted, the action of such clerks or employees in the usual course of the business of the agency and with the approval, express or implied, of the regularly constituted agent, is in legal effect the act of the agent himself. Phœnix Ins. Co. v. Ward, 7 Tex. Civ. App. 13, 26 S. W. 763, 764 (writ refused), and authorities there cited; Connecticut Fire Ins. Co. v. Fields (Tex. Civ. App.) 236 S. W. 790, 793, par. 4; Austin Fire Ins. Co. v. Brown (Tex. Civ. App.) 160 S. W. 973, 974, par. 3; Hartford Fire Ins. Co. v. Josey, 6 Tex. Civ. App. 290, 25 S. W. 685, par. 2; German Ins. Co. v. Everett (Tex. Civ. App.) 36 S. W. 125, 127 (1st column); Camden Fire Ins. Ass'n v. Wandell (Tex. Civ. App.) 195 S. W. 289, 290, par. 1, and authorities there cited. The rule is stated in 26 C. J. p. 42, § 31, as follows: "And a person empowered by an authorized agent to represent him in negotiations for insurance has the same power to bind insurer as has the agent." See, also, Southern Mut. Fire Ins. Co. v. Mazoch Bros. (Tex. Civ. App.) 291 S. W. 257, 258, 259, pars. 1 and 2 (writ dismissed); Zurich General Accident & Liability Ins. Co. v. Fort Worth Laundry Co. (Tex. Civ. App.) 58 S.W.

(2d) 1058, 1060, pars. 2 and 3, and authorities there cited; Universal Automobile Ins. Co. v. Hallinan (Tex. Civ. App.) 54 S.W.(2d) 199, 200, par. 1; American National Ins. Co. v. Park (Tex. Civ. App.) 55 S.W.(2d) 1088, 1091, par. 5; Royal Indemnity Co. v. Hook, 155 Va. 956, 157 S. E. 414, 417, par. 5, and authorities there cited; Pennsylvania Company v. Home Life Ins. Co. of America, 295 Pa. 286, 145 A. 286, 287, par. 3; 5 Cooley's Briefs on Insurance, pp. 4049 et seq.; 32 C. J. p. 1068, § 146. Under the authorities above cited and the implied findings of the court, appellant's agency, at or prior to the issuance of the policy, had notice of the facts affecting the title to the property insured and the stipulation relied on was waived. Appellant's group of assignments here considered are all overruled.

 Defendant presents assignments in which it contends that plaintiff failed to furnish proof of loss in conformity with the requirements of the policy, and that such failure was a breach of the conditions thereof and barred a recovery herein. Said policy provided that in event the property covered thereby should be injured or damaged by fire, plaintiff should make a complete inventory of the personal property affected, stating the quantity and cost of each article and the amount claimed therefor, and should, within ninety-one days after the fire, render to it a statement signed and sworn to by him, disclosing his knowledge and belief as to time and origin of the fire, his interest in the property, the interests of all others therein, if any, the cash value of each item thereof, and the amount of loss thereon. Other requirements of the policy in this connection are immaterial here. Said policy further provided that no action thereon should be sustained in any court until after full compliance by the insured with all the requirements thereof. The testimony showed that plaintiff, immediately after the fire, applied to the agency which issued said policy for instructions with reference to what he was required to do; that Mr. Maloney told him, in substance, to bring an itemized statement of all the property destroyed; that he did so and turned the same over to him; that Mr. Maloney told him that an adjuster would call in a few days to see him about his loss and that nothing else was required at that time. Said itemized statement of the property lost gave the value of each item thereof. The same was forwarded by the agency to defendant and retained by it. The items and values listed therein were identical with those listed in the formal proofs of loss subsequently filed. No objection to the suffi-

**1060**

ciency thereof was made until after the expiration of the period limited for filing proofs of loss. Shortly after such statement was furnished, an adjuster acting for defendant came and examined into the circumstances of the fire, but he did not in any way communicate with plaintiff with reference thereto. Plaintiff testified that he called at the agency and inquired about his claim repeatedly, and each time was advised that the adjuster had not come and that nothing further was required of him until about ninety days after the fire, when the suggestion was made that he consult an attorney. Some considerable time thereafter a more formal proof of loss was made by plaintiff, delivered to the agency, and by it forwarded to defendant. The same was retained by defendant and plaintiff was never advised of any objection thereto. The testimony above recited, together with other facts and circumstances in evidence in that connection, was sufficient to raise an issue of waiver of strict compliance with the provision of the policy here under consideration. Chicago Fire & Marine Ins. Co. v. Herring (Tex. Civ. App.) 54 S.W.(2d) 236; Federal Surety Co. v. Smith (Tex. Com. App.) 41 S.W.(2d) 210, 213, par. 10; Merchants Insurance Co. v. Reichman (Tex. Civ. App.) 40 S. W. 831, 832; German Insurance Co. v. Norris, 11 Tex. Civ. App. 250, 32 S. W. 727, 729; Fireman's Fund Ins. Co. v. Galloway (Tex. Civ. App.) 281 S. W. 283, 285, par. 5; Franklin Fire Ins. Co. v. Britt (Tex. Civ. App.) 254 S. W. 215, 217, par. 2; Burlington Ins. Co. v. Toby, 10 Tex. Civ. App. 425, 30 S. W. 1111, 1112, 1113; Continental Insurance Co. v. Nabors (Tex. Civ. App.) 6 S.W.(2d) 151, 155, pars. 7 to 9, inclusive. The judgment rendered implies a finding by the trial court of such waiver. However, under the authorities, the sufficiency of the evidence to support a finding of waiver is immaterial. Our Supreme Court has held that the filing of proof of loss under a policy of insurance is within the provisions of article 5546 of our Revised Statutes. American Surety Company v. Blaine, 115 Tex. 147, 277 S. W. 619. Said article provides, in substance, that no stipulation in a contract requiring notice of a claim for damages as a condition precedent to the right to sue thereon shall ever be valid, unless such stipulation is reasonable, and that any stipulation requiring such notice in a less period than ninety days shall be void. Said article further provides in that connection that in any suit brought on such a claim it shall be presumed that notice has been given, unless want of notice is especially pleaded under oath. Defendant pleaded that plaintiff failed to file proofs of loss within the time stipulated in the policy, but such pleading was not verified. There was, moreover, neither allegation nor proof that the period of ninety-one days stipulated in the policy was a reasonable time in which to require the filing of such proofs. The Court of Civil Appeals for the Fifth District, in an elaborate opinion by Mr. Justice Looney, held that it devolved upon the insurance company seeking to avoid liability on account of failure to file proofs of loss, to allege and prove that the period of ninety-one days stipulated in the policy under consideration in that case was a reasonable one, and further held that absent a plea under oath averring such failure, the statutory presumption that such proofs had been filed was conclusive. Francis v. International Travelers' Ass'n (Tex. Civ. App.) 260 S. W. 938, 947, pars. 11 and 12. The Supreme Court granted a writ of error in that case, and after extensive consideration of the issues involved, affirmed the judgment of the Court of Civil Appeals and especially approved all its holdings in the case. International Travelers' Ass'n v. Francis, 119 Tex. 1, 14, 23 S.W.(2d) 282, 287. See, also, International Travelers' Ass'n v. Griffing (Tex. Civ. App.) 264 S. W. 263, 264, par. 2, and authorities there cited (writ dismissed); American Indemnity Co. v. Mexia Independent School Dist. (Tex. Civ. App.) 47 S.W.(2d) 682, 684, par. 4, and authorities there cited. The group of assignments here under consideration are overruled.

■■■■ Defendant presents assignments in which it contends the court erred in permitting plaintiff and his wife to testify that certain articles destroyed by fire had no market value at that time and place, and that certain other articles so destroyed had a market value and the amount thereof. Defendant objected to all such testimony on the ground that neither of said witnesses was shown to be qualified to testify to such facts. Plaintiff testified, in substance, that he lived at or near the burned rink; that he purchased or participated in purchasing practically all the equipment involved; that some of it was new and some secondhand; that he at that time and thereafter investigated the market value of such equipment and that he knew what articles of such equipment had a market value at the time of the fire and the value of the same; that he also knew what articles did not have a market value, the condition of the same, and the reasonable cash value thereof. The testimony of Mrs. Higgins with reference to her knowledge of market value and reasonable actual values was substantially the same as her husband's. The origina-

cost of practically all the equipment was stated, the length of time the same had been used, and its condition at the time of the fire, as circumstances tending to show the actual value thereof. Defendant's exceptions were preserved only in the transcript of the testimony. They were in the main general and continuous, without repetition or special application to the testimony concerning any particular article. A similar issue with reference to the qualification of a witness to testify to the value of secondhand property was considered by this court in General Motors Acceptance Corporation v. Killingsworth, 54 S.W.(2d) 266, 269 et seq., pars. 6 to 8, inclusive. We quote therefrom as follows: "There is no inflexible rule prescribing the exact amount of information concerning sales of similar property in the market in question which must be possessed by a witness before he will be held competent to testify to his opinion or estimate of the market value of the property under consideration. The qualification of a witness testifying to the market value of property is primarily a question for the trial court, and his ruling thereon will not be revised unless it appears that the same was clearly wrong. The issue here under consideration is fully discussed in the case of Rogers & Adams v. Lancaster (Tex. Com. App.) 248 S. W. 660, 661, et seq., pars. 1 to 3, to which and the authorities there cited reference is here made. See also, Ross v. Wilkerson (Tex. Civ. App.) 277 S. W. 425, 426, par. 2; H. & T. C. R. Co. v. Clement Grain Co. [Tex. Civ. App.] 10 S.W.(2d) 400, 402, et seq.; Merchants' Cotton Oil Co. v. Acme Gin Co. (Tex. Civ. App.) 284 S. W. 680, par. 3; International-Great Northern R. Co. v. Motley (Tex. Civ. App.) 18 S.W.(2d) 782, 784, pars. 6 and 7; North River Insurance Co. v. Rippy (Tex. Civ. App.) 23 S.W.(2d) 853, 857, pars. 7 and 8; St. Mary's Oil Engine Co. v. Allen-Morrow Company (Tex. Civ. App.) 20 S.W.(2d) 266, 268, pars. 4 and 5; Sparrow v. Tillman (Tex. Civ. App.) 283 S. W. 877, 878, pars. 2 and 3; Northern Texas Traction Company v. Armour & Co. (Tex. Civ. App.) 290 S. W. 544, 547, par. 3. * * * Testimony with reference to market value, especially of secondhand goods, is ordinarily at least a mere matter of estimate or opinion. G. C. & S. F. Ry. Co. v. Harrell (Tex. Civ. App.) 270 S. W. 187, 188, par. 4; Aetna Insurance Co. v. Mills, 176 Ark. 684, 3 S.W.(2d) 990, 1000, par. 5. The weight of opinion evidence as to the value of personal property is for the court or jury trying the case. Rogers & Adams v. Lancaster, supra; McElrath v. Dixon (Tex. Civ. App.) 49 S.W.(2d) 995, 997, par. 11; Wagner & Chisholm v. Dunham (Tex. Civ. App.) 246 S. W. 1044, 1046, pars. 4 and 5." The reasonable cash value of those articles which had no market value was to be ascertained from the circumstances of the case, and a wide latitude in the evidence was permissible to enable the jury to intelligently determine such value. In general, any facts could be shown which would naturally affect the minds of parties buying and selling in determining the price to be asked or given, including the cost of the property, its utility and use. 17 Tex. Jur. p. 438 et seq., §§ 162 and 163. The court did not abuse his discretion in permitting the witnesses to testify with reference to market value and reasonable cash value of the articles of equipment destroyed by the fire, and defendant's assignments complaining of such action are overruled.

■ Appellee Mrs. Gladys Hardy Matthews has filed a brief herein, the major portion of which is devoted to sustaining the action of the trial court in rendering judgment against defendant. She, however, in conclusion prays for reformation of the judgment so as to require that one-half of the recovery be paid to her. Intervener did not file any assignment of error in the trial court. Neither is any assignment contained in her brief herein. We are, in the absence of an assignment, without jurisdiction to consider her complaint that the entire recovery was awarded by the trial court to the plaintiff. Clonts v. Johnson, 116 Tex. 489, 294 S. W. 844, 846, par. 3; Farmers' Nat. Bank v. Dublin Nat. Bank (Tex. Civ. App.) 55 S.W.(2d) 567, 572, par. 13, and authorities there cited.

The judgment of the trial court is affirmed.